# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| PLASMA-THERM LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 8:15-cv-02785-CEH-TBM |
| | ) |
| MICRO PROCESSING | ) |
| TECHNOLOGY, INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT MICRO PROCESSING TECHNOLGY, INC.'S RESPONSE TO PLAINTIFF PLASMA-THERMA LLC'S OPENING CLAIM CONSTRUCTION BRIEF

## TABLE OF CONTENTS

I. Introduction................................................................................... 1

II. Argument .................................................................................... 1

    *A. In construing "pressurizing fluid contacting" Plaintiff hopes to lead the Court away from the inventive concept, and instead parses only a few sentences and words that support its argument....................................* 2

    *B. Plaintiff's construction of "cutting the metal layer" gives little credence to claim differentiation, and, in fact, Plaintiff only uses the canon when such use is to its benefit...............................................................* 4

    *C. In construing "variable radial force" Plaintiff misinterprets a portion of the specification in which the patentee acknowledged that issues can arise in uniform radial force, to mean that all force must be non-uniform; there is no evidence to support such an interpretation...............................................* 6

III. Conclusion.................................................................................. 8

# TABLE OF AUTHORITIES

## Cases

*InterDigital Commc'ns, LLC v. Int'l Trade Comm'n*, 690 F.3d 1318, 1324 (Fed. Cir. 2012). .................................................................. 1, 5

*Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576 (Fed. Cir. (1996)............................. .............................................. 1, 2

*Phillips v. AWH Corp.*, 415 F.3d 1303, 1316 (Fed. Cir. 2005)............................................................................. 2, 5

## I. Introduction

In Plaintiff Plasma-Therm LLC's Opening Claim Construction Brief (Dkt. 57) ("Plaintiff's Brief"), Plaintiff's proposed claim constructions violate two fundamental principles: (1) a patentee is free to be his own lexicographer (*Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996), hereinafter "*Vitronics*"); and (2) pursuant to the doctrine of claim differentiation, the limitations of a dependent claim are not to be read into an independent claim (*InterDigital Commc'ns, LLC v. Int'l Trade Comm'n*, 690 F.3d 1318, 1324 (Fed. Cir. 2012). The constructions proposed by Plaintiff, if adopted, would inaccurately define the claimed inventions and improperly narrow the scope of the patent claims.

## II. Argument

In its discussion of each of the patents in suit, namely US patent Nos. 8,906,745 ("the '745 patent"), 8,450,188, ("the '188 patent"), and 9,153,493 ("the '493 patent"), Plaintiff repeatedly proposes hypothetical changes to the patent specifications and claims instead of focusing on and construing the actual claim terms. Regarding the '745 patent, Plaintiff asserts "**If** MPT had intended its claims to cover any application of pressurized fluid, it could have easily written this limitation . . . ." Plaintiff's Brief at 16 (emphasis added). Regarding the '188 patent, Plaintiff states, ". . . **if** a dependent claim recited that the cutting step included dividing the metal layer using a focused laser beam . . . ." Plaintiff's Brief at 19 (emphasis added). And regarding the '493 patent, Plaintiff opines ". . . **if** a uniform force is applied in all radial directions at time T1, and then a different uniform force is applied in all radial directions at time T2, applying these forces could arguably be a 'variable radial force' .

..." Plaintiff's Brief at 20 (emphasis added). Each of these hypotheticals relate to situations beyond the four corners of the patent specifications and claims, distorting not only the true meaning of the claims but also the scope of the invention of each patent by using alternative and supplemental language other than that of the patentee in direct violation of the *Vitronics* (90 F.3d at 1582) doctrine entitling the patentee to serve as his own lexicographer and describe the invention in the his own words.

By presenting hypotheticals, Plaintiff wants the Court to ignore the claims at issue and their specifications and focus on language Plaintiff carefully selected and parsed to favor its construction. However, when the ordinary meaning of the claim language is readily apparent, claim construction involves little more than applying the widely accepted meaning. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005).

> A. *In construing "pressurizing fluid contacting" Plaintiff hopes to lead the Court away from the inventive concept, and instead parses only a few sentences and words that support its argument.*

Plaintiff argues that the phrases "pressurizing fluid contacting" and "pressurizing fluid contacting said sheet of deformable material" from the '745 patent should be construed to mean "applying pressure to a fluid *already in contact* with said sheet of deformable material." Plaintiff's Brief at 16 (emphasis added). In support of this argument, Plaintiff cites the present-tense use of "contacting," arguing it could only mean that the fluid is first in contact with the sheet, and then the fluid is pressurized. Plaintiff's Brief at 16-17. Plaintiff further argues that the specification teaches that the fluid is already in contact with the material and that, in fact, having the fluid contact the material prior to pressurizing it is a feature of the invention, rather than simply a mode in which the invention can be carried out.

Plaintiff's Brief at 17.

According to Plaintiff, contacting can mean only one thing: that the fluid must first contact the film. Plaintiff's Brief at 16-17. Plaintiff's additional argument, that it is a feature of the invention to have the fluid contact the material prior to pressurizing it, is simply an alternative way to make the present-tense argument. Simply put, Plaintiff contends that contact*ing* (emphasis added) alone is determinative in how a person skilled in the art would understand the language of the entire patent.

Plaintiff's focus on when contact occurs is misplaced. In addition, Plaintiff's focus on pressurizing the fluid is inaccurate. The word pressurizing as used in the claims is an adjective. That is, the fluid is a pressurizing fluid. It is inconsequential when the fluid is pressurized. Plaintiff improperly theorizes that if MPT intended its claims to cover any application of pressurized fluid, it could have written the limitation as "applying a pressurized fluid to said sheet of deformable material" is a matter of form over substance. The claim language is clear. The specification states that a "fluid is pressed at high pressure against the back side of the plastic film 16 . . . cleaving the back metal 12 along the edges of the dies 24. This process cleaves all of the back metal on the wafer 10 at the same time." Col. 3, lines 50-56 of the '745 patent. As to when the fluid is pressurized, the specification states that the "pressure may be applied statically and gradually increased to the required value or a pulse of fluid pressure may be applied to reach the required pressure for only an instant. The required pressure depends on the thickness and composition of the plastic film." Col. 4, lines 34-38 of the '745 patent.

Plaintiff's proposed construction misconstrues the invention and unnecessarily

introduces limitations in the claims that have no bearing on the ordinary meaning of the claim terms and how a person of ordinary skill in the art would understand the invention. There is no support in the specification for Plaintiff's construction that the fluid already be in contact with the sheet of material before pressure is applied.

Defendant's proposed construction of "pressurizing fluid contacting said sheet of deformable material", namely "to apply gaseous or liquid pressure to an object" accurately defines the invention. *See* Defendant Micro Processing Technology, Inc.'s Opening Claim Construction Brief (Dkt. 56) (Defendant's Brief) at 7-9.

### B. *Plaintiff's construction of "cutting the metal layer" gives little credence to claim differentiation, and, in fact, Plaintiff only uses the canon when such use is to its benefit.*

Plaintiff contends that the phrase "cutting the metal layer" from the '188 patent, means "shearing the metal layer with a blade." Plaintiff's proposed construction blatantly violates the doctrine of claim differentiation.

Plaintiff's construction relies heavily on the specification and dependent claims of the '188 patent. More particularly, Plaintiff points to one mode for carrying out the invention described in the specification as the use of a "hard material" with a "sharp edge," and another mode which describes the use of two separate cutting tools that require blades. Plaintiff's Brief at 18. Though these uses are stated as different modes for carrying out the invention, Plaintiff contends that such uses are necessary features of the invention.

Plaintiff further relies on dependent claims 8, 10, 12 and 13 and contends that these claims add details to the term "cutting" found in claim 1, including the detail that "cutting" means shearing with a blade. Plaintiff's Brief at 19. To support this conclusion, Plaintiff

again improperly relies on a hypothetical: if the patent included a dependent claim reciting that the cutting step includes dividing the metal layer using a focused laser beam, "such a dependent claim would support MPT's broad construction that 'cutting' can include any type of 'penetrating, dividing, or removing' of the metal layer." Plaintiff's Brief at 19. Curiously, to support this argument Plaintiff cites *Phillips*, 415 F.3d at 1314-1315, and includes the following parenthetical: "(the presence of a dependent claim that adds a particular limitation gives rise to a presumption that the limitation in question is *not* present in the independent claim)." (emphasis added). Yet, Plaintiff conveniently ignores the fact that dependent claims 12 and 13 recite a cutting tool comprising a blade and a rotating wheel, respectively. Based on the authority cited by Plaintiff, these limitations are not present in independent claim 1 and thus Plaintiff's proposed construction of cutting as shearing with a blade is wrong. The clear purpose of claim differentiation, which finds that when a dependent claim limits an independent claim, there is a strong presumption against reading that limitation into the independent claim, is only overcome by clear language to the contrary. *InterDigital*, 630 F.3d at 1324.

In the present case, there is no clear language in the specification which supports reading the dependent claim language into the independent claim. The '188 patent does not include a definition of "cutting the metal layer," nor did the patentee place an explicit limitation on the invention regarding "cutting." A person skilled in the art would understand that "cutting the metal layer" includes any penetrating, dividing, or removing of the metal layer. A blade and a cutting wheel are two examples of tools that could be used to cut the metal layer, but they are not the only cutting tools that could be used.

Defendant's simple and ordinary construction of adopting "penetrating, dividing or removing the metal layer" for "cutting the metal layer" is appropriate, and Defendant urges its adoption by the Court. Defendant's Brief at 3-7.

*C. In construing "variable radial force" Plaintiff misinterprets a portion of the specification, in which the patentee acknowledged that issues can arise in uniform radial force, to mean that all force must be non-uniform; there is no evidence to support such an interpretation.*

Plaintiff contends that the phrase "variable radial force" from the '493 patent should be construed to mean "spatially non-uniform radial force." Plaintiff's Brief at 20. Plaintiff suggests that the Patentee limited the meaning of "variable radial force" when it stated in the specification that "simply moving all parts of the film outward a certain distance in a radial direction does not achieve the desired results . . . because the stretch and tension in the film after the plasma etching has been completed is unknown." Plaintiff's Brief at 19-20, quoting the '493 patent at col. 2, lines 47-50. From this suggestion, Plaintiff argues that one of ordinary skill in the art would believe that applying uniform force in all directions is never appropriate, and that the radial force must be non-uniform. Plaintiff's Brief at 21.

Defendant vigorously denies Plaintiff's conclusion.

A fair reading of the specification of the '493 patent indicates that the radial force is in fact uniform in all radial directions. In one embodiment, the radial force is the result of a vacuum being applied to a circular channel 38 in the chuck 28 which supports the film. '493 patent at col. 5, lines 1-9 and Figs. 5-9. In another embodiment, the radial force is provided by a force ring 72 being displaced about an outer portion of the film. '493 patent at col. 5, line 59 – col. 6, line 9 and Figs. 13-18. In the first embodiment, the variability of the radial force is provided by adjusting the vacuum applied to the circular channel by a vacuum

6

controller 46. '493 patent at col. 6, lines 10-13. In the second embodiment, the variability of the radial force if provided by adjusting the air pressure controller 78 to vary the pressure from a pressurized air source 76 which is applied to pneumatic cylinders 74 which displace the force ring 72. '493 patent at col. 6, lines 5-10.

Thus in the invention, the force is uniform in all radial directions. The force itself is variable. The force originates from the same source, such as a vacuum controller or an air pressure controller, both of which are operable to adjust or vary the pressure of the force.

Plaintiff also contends that the specification does not define the word variable. Again, using a hypothetical, Plaintiff states that ". . . if a uniform force is applied in all radial directions at time T1, and then a different uniform force is applied in all radial directions at time T2, applying these forces could arguably be a 'variable radial force'". Plaintiff's Brief at 20 (emphasis added).

Plaintiff's hypothetical and improper argument that a variable force must be time varying makes no sense. The stretching and tensioning force pursuant to the claimed method is chosen to be large enough to remove any slack or sag in the deformable film, but not so large as to distort the film. The variable in the force is in the value or size of the force obtained by adjusting the vacuum controller or the air pressure controller as discussed above.

That the force is uniform and variable is clear from the specification. In the first embodiment, the specification describes applying different amounts of vacuum to the vacuum channel by the vacuum controller with ambient air pressure pressing the film into the channel by different amounts giving precise control of the stretch and tension of the film. '493 patent at col. 5, lines 10-13. In the second embodiment, the "air pressure controller 78

is utilized to *vary* the pressure applied to the pneumatic cylinders. By using different quantities of force applied to the force ring 72, precise control of the stretch and tension of the film can be achieved." '493 patent at col. 6, lines 5-9, emphasis added.

Accordingly, the proper construction of "variable radial force" should be kept to the simple meaning of the language used in the claims, and not altered based on Plaintiff's carefully selected language and hypotheticals. "Variable radial force" should be held to mean "a variable force from the center of a circle outward toward the circumference along a radius." Defendant's Brief at 10-12. Plaintiff's suggested construction is inaccurate and inappropriate.

### III. Conclusion

The claim constructions proposed by Defendant in Defendant's Brief reflect the ordinary meaning of claim terms consistent with the specification of each of the patents in suit. The principles of a patentee serving as his own lexicographer and claim differentiation support Defendant's constructions. Defendant urges the Court to adopt its constructions.

Dated: November 17, 2016          Respectfully submitted,

Anthony Albert Ferrigno
California State Bar No. 61104
Email: a-trust-fraudlaw@msn.com
LAW OFFICES OF ANTHONY A. FERRIGNO
1116 Ingleside Avenue,
Athens, TN 37303
Telephone: (423) 744-4041
Facsimile: (925) 945-8792

/s/ Lawrence E. Laubscher, Jr.
Lawrence E. Laubscher, Jr., Esq.
Appearing *Pro Hac Vice*
Email: llaubscher@laubscherlaw.com
LAUBSCHER SPENDLOVE & LAUBSCHER

1160 Spa Road, Suite 2B
Annapolis, Maryland 21403
Telephone: (410) 280-6608
Facsimile: (410) 995-2009


Robert D. Zebro
Florida Bar No. 691062
Donald H. Crawford II
Florida Bar No. 733431
COPE, ZEBRO & CRAWFORD, P.L.
14020 Roosevelt Boulevard, Suite 802
Clearwater, Florida 33762
Telephone: (727) 369-6070
Facsimile: (727) 431-9080
Email: rzebro@czcfirm.com
Email: dcrawford@czcfirm.com
*Attorneys for Defendant Micro Processing Technology, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of November 2016, a copy of the foregoing has been served electronically to the following attorneys of record:

Harvey S. Kauget, Esq.
Ryan M. Corbett, Esq.
BURR & FORMAN, LLP
hkauget@burr.com
rcorbett@burr.com

/s/ Lawrence E. Laubscher, Jr.
Lawrence E. Laubscher, Jr., Esq.