UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PLASMA-THERM, LLC,

      Plaintiff,

v.                                  Case No: 8:15-cv-2785-T-36TBM

MICRO PROCESSING TECHNOLOGY,
INC.,

      Defendant.

_____/

## ORDER

This matter comes before the Court upon Micro Processing Technology, Inc.'s ("MPT") Motion to Dismiss and Supplemental Motion to Dismiss. Docs. 45, 47. Plasma-Therm, LLC ("PT") responded in opposition to the motions. Docs. 48, 51. In the motions, MPT contends that PT has failed to establish the threshold requirement for a declaratory judgment, which is the existence of a case or controversy, failed to allege facts in support on its non-infringement claim, failed to join a necessary party and failed to sufficiently allege a claim for defamation. Additionally, PT filed a Motion to Strike Defendant's Preliminary Infringement Contentions and Enter Judgment against Defendant and a Supplemental Motion to Strike Defendant's Amended Preliminary Infringement Contentions and Enter Judgment against Defendant. Docs. 50, 55. MPT responded in opposition to the motions. Docs. 54, 64. In the motions to strike, PT seeks to strike MPT's preliminary/amended contentions and asks this Court to enter judgment in its favor because they are deficient and untimely. The Court, having considered the motions, responses thereto, and the Amended Complaint, and being fully advised in the premises, will deny all of the motions.

## I.    STATEMENT OF FACTS[1]

This action seeks a declaratory judgment for non-infringement of various patents and for defamation. PT is in the business of manufacturing etching and thin film deposition equipment for the semiconductor industry. Doc. 40 ¶11.  PT has developed and patented the use of plasma dicing to singulate devices on a semiconductor wafer. *Id.* PT has also developed and patented methods for separating the back metal layer on a semiconductor substrate to complete the singulation of devices on a semiconductor wafer that has a back metal. *Id.*

MPT is in the business of manufacturing systems for the semiconductor industry. *Id.* ¶12. The patents-in-suit are generally related to methods and/or systems for back metal processing after the semiconductor wafer has been singulated using plasma dicing. *Id.*

The patents at issue are as follows: (1) United States Patent Number 9,153,493 ("the '493 Patent"), entitled "System For Separating Devices From A Semiconductor Wafer," issued on October 6, 2015. *Id.* ¶ 8; Exhibit A; (2) United States Patent Number 8,450,188 ("the '188 Patent"), entitled "Method Of Removing Back Metal From An Etched Semiconductor Scribe Street," issued on May 28, 2013. *Id.* ¶ 9; Exhibit B; and (3) United States Patent Number 8,906,745 ("the '745 Patent"), entitled "Method Using Fluid Pressure To Remove Back Metal From Semiconductor Wafer Scribe Sheets," issued on December 9, 2014. *Id.* ¶10; Exhibit C.

On November 27, 2015, counsel for MPT sent a letter to PT's Chief Executive Officer, Mr. Abdul Lateef, with a subject line stating:

> MPT's DEMAND PLASMA THERM CEASE AND DESIST PATENT INFRINGEMENT AND MISAPPROPRIATION OF MPT's TRADE SECRETS.

---

[1]The statement of facts is derived from Plaintiff's Amended Complaint (Doc.40), the allegations of which the Court must accept as true in ruling on the instant motion. *See Linder v. Portocarrero*, 963 F. 2d 332, 334 (11th Cir. 1992); *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp. S.A.*, 711 F. 2d 989, 994 (11th Cir. 1983).

*Id.* ¶14; Exhibit D. The letter also accused PT of "using MPT's intellectual property to pursue the development of back metal processing technology." *Id.* ¶14. The letter further stated the following:

> YOU ARE HEREBY PUT ON NOTICE YOUR CONDUCT IS UNLAWFUL EXPOSING YOU TO DAMAGES INCLUDING TREBLE AND/OR PUNITIVE DAMAGES AND RECOVERY OF ATTORNEYS' FEES INCURRED IN ENFORCING MPT'S INTELLECTUAL PROPERTY RIGHTS. UNLESS YOU MEET OUR DEMAND TO CEASE AND DESIST YOUR USE OF MPT'S PATENTS AND/OR TRADE SECRETS IN DEVELOPMENT OF ANY PRODUCT OR EQUIPMENT AND/OR SALE AND/OR MARKETING OF SUCH, MPT WILL SEEK ANY AND ALL APPROPRIATE LEGAL AND/OR EQUITABLE REMEDIES

*Id*. On or around November 2015, MPT also sent a letter to a customer of PT, in which MPT accused PT and the customer of infringing one or more of MPT's patents. *Id*. ¶15.

The Amended Complaint seeks declaratory relief for: non-infringement of the '493 Patent (Count I); non-infringement of the '188 Patent (Count III); non-infringement of the '745 Patent (Count V) and Defamation (Count VII). Doc. 40. Counts II, IV, and VI of the Amended Complaint were voluntarily dismissed on June 30, 2016. Doc. 49. The instant motions followed.

## II.    STANDARD OF REVIEW

To survive a motion to dismiss, a pleading must include a "'short and plain statement showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. *Id*. (citing *Bell Atlantic Corp, et al. v. Twombly, et al.,* 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)). A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556

U.S. at 678. The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.* Therefore, "only a claim that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

## III.   DISCUSSION

### 1.   *Defendant's Motion to Dismiss*

Defendant argues that Plaintiff's Amended Complaint should be dismissed because Counts I, III, V, and VII fail to state a claim upon which relief can be granted. Doc. 45 at pp. 6-12, 15-18. The Court will now address each contention *seriatim*.

### A.   Counts I, III and V state a claim for relief under the Declaratory Judgment Act

#### i.   *MPT's letter defines the patent-in suit controversy*

"The Declaratory Judgment Act provides that, '[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 126 (2007). The dispute must "be 'definite and concrete, touching the legal relations of parties having adverse legal interests'; and … be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Id.* (citation omitted). "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S. Ct. 510, 85 L. Ed. 826 (1941).Therefore, "the sole requirement for jurisdiction under the Act is that the conflict be real and immediate, *i.e*., that there be a true, actual controversy required by

4

the Act." *Cardinal Chem. Co. v. Morton Intern., Inc.,* 508 U.S. 83, 96, 113 S. Ct. 1967, 1975 124 L. Ed. 2d 1 (1993) (internal quotation marks and citation omitted). When a party has "actually been charged with infringement of the patent, there is, *necessarily,* a case or controversy adequate to support jurisdiction of a complaint…under the Act." *Id.*

The Federal Circuit Court has noted that it is unnecessary to "define the outer boundaries of declaratory judgment jurisdiction, which will depend on the application of the principles of declaratory judgment jurisdiction to the facts and circumstances of each case." *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007). The court held that:

> where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights.

*SanDisk,* 480 F.3d at 1381.

> Although *MedImmune* clarified that an injury-in-fact sufficient to create an actual controversy can exist even when there is no apprehension of suit, it did not change the bedrock rule that a case or controversy must be based on a *real* and *immediate* injury or threat of future injury that is *caused by the defendants*—an objective standard that cannot be met by a purely subjective or speculative fear of future harm. Thus, as we explained post-*MedImmune,* 'jurisdiction generally will not arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement, without some affirmative act by the patentee.'

*Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1339 (Fed. Cir. 2008) (citing *SanDisk,* 480 F.3d at 1380-81). However, "conduct that can be reasonably inferred as demonstrating intent to enforce a patent can create declaratory judgment jurisdiction." *Hewlett-Packard Co. v. Acceleron LLC*, 587 F.3d 1358, 1363 (Fed. Cir. 2009); *Kramer America, Inc. v. MacNeil IP, LLC*, 2012 WL 366945, *3-*4 (M.D. Fla. 2012) (finding a sufficient case or controversy for declaratory judgment action as to a patent expressly identified in a cease and desist letter but finding insufficient controversy for a second patent not identified in the letter).

MPT contends that PT has failed to state a claim for declaratory judgment for the '493 and '188 patents[2] because MPT's letter does not implicate these patents and PT does not have a sufficient interest in back metal processing technology. Therefore, as MPT argues, the parties' dispute does not create an immediate justiciable controversy.

PT contends that the record belies MPT's contentions. MPT's letter broadly alleges that PT and a third party, ON Semiconductor ("ON"), "are utilizing MPT's patented process and misappropriating its trade secrets for its 'back metal' processing technology after plasma dicing." *See* Doc. 40; Exh. D. PT further contends that while MPT's letter did not specify which patent was implicated, based on a search of issued patents assigned to MPT, PT identified the three patents-in-suit as relating to "back metal processing" technology. Thus, PT argues that MPT's broad letter alleging infringement of MPT's patented back metal processing technology created a substantial controversy of sufficient immediacy and reality to warrant declaratory judgment jurisdiction with respect to the three patents-in-suit.

Here, the facts, as alleged, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.  PT has clearly shown a justiciable controversy. Indeed, MPT's letter threatening legal action is sufficient evidence of a case and controversy. The conflict between the parties is real and immediate. Although MPT's letter does not identify the specific patents at issue, it identifies "back metal processing" technology, from which PT was able to identify the patents.  Declaratory judgment jurisdiction has been found where the patentee has not identified specific patents that are allegedly infringed. *See Vanguard Research, Inc. v. PEAT, Inc.,* 304 F.3d 1249, 1254-55 (Fed. Cir. 2002) (citing *Phillips Plastics Corp. v. Kato Hatsujou Kabushiki*

---

[2]MPT appears to concede that its cease and desist letter pertains to the '745 patent.

*Kaisha*, 57 F.3d 1051, 1053–54, 35 USPQ2d 1222, 1224 (Fed. Cir. 1995); *MasterCard Int'l, Inc.*

*v. Lexcel Sols., Inc.*, No. 03 CIV.7157(WHP), 2004 WL 1368299, at *4 (S.D.N.Y. June 16,

2004) (finding declaratory judgment jurisdiction where specific patent numbers were not

provided).  Accordingly, MPT's motion to dismiss alleging PT's failure to state a claim because

the demand letter did not implicate two of the patents-in-suit will be denied.

> ii.    *PT sufficiently alleged all the elements legally required to plead non-infringement*

When a party "seeks a declaratory judgment against a patentee to establish that there is no

infringement, the burden of proving infringement remains with the patentee." *Medtronic, Inc. v.*

*Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 846 (2014); *see also Under Sea Indust., Inc. v.*

*Dacor Corp.*, 833 F.2d 1551, 1557 (Fed. Cir. 1987) ("The burden always is on the patentee to

show infringement."). Therefore, MPT bears the burden of proving infringement of its patents, but

PT must sufficiently allege non-infringement.

Here, MPT contends that PT has not stated facts sufficient to show that its non-

infringement allegations are plausible on their face. PT contends that its allegations of non-

infringement provide more than enough detail and notice and satisfy the pleading standard.

Specifically, MPT argues that in Counts I, III, and V, PT is seeking a declaration of non-

infringement through an identically worded allegation followed by a description of *only one* of the

numerous claims contained in the particular patent-in-suit it chose to make the subject of that

count. MPT maintains that these allegations fail to identify any specific method of back metal

processing to establish non-infringement.

PT correctly responds that the patents-in-suit contain method claims.  "A method claim is

directly infringed when someone practices every step of the patented method." *Ericsson, Inc. v.*

*D-Link Sys., Inc.*, 773 F.3d 1201, 1219 (Fed. Cir. 2014) (citation omitted).  Therefore, to show

non-infringement, PT must only identify a single step from the claimed method that it does not perform.

In the Amended Complaint, PT identifies at least one claim limitation found in each claim of each patent-in-suit that it does not perform. *See* Doc. 40 at ¶¶ 45, 56, and 67.  As to the '493 patent, PT has alleged that it does not perform the step of "pressing a stylus against the semiconductor wafer while in engagement with the radially stretched and tensioned planar plastic film to cause the plastic film to further deform and stretch in the immediate region where the stylus presses, causing the back metal in the scribe streets located in said region to separate."[3] *Id.* at ¶ 45. As to the '188 patent, PT has alleged that it does not perform the step of "while continuing to employ said second support to support said wafer, cutting said metal layer along said scribe streets."[4] *Id*. at ¶ 56.  As to the '745 patent, PT has alleged that it does not perform the claimed step of "while said sheet of deformable sheet material is in engagement with said second wafer side, carrying out the step of pressuring fluid contacting said sheet of deformable material to deform the sheet of deformable material and cause the metal layer to break at the locations of the scribe streets."[5]  *Id*. at ¶ 67. By identifying these specific claim limitations which it does not perform, PT has alleged sufficient facts to state a claim to relief under the Declaratory Judgment Act that is plausible on its face. Therefore, MPT's motion to dismiss as it relates to PT's failure to properly plead non-infringement will be denied.

---

[3] This limitation is recited in independent claim 1 of the '493 patent, and therefore recited in the remaining dependent claims 2-9. *See Monsanto Co. v. Syngenta Seeds, Inc.,* 503 F.3d 1352, 1359 (Fed. Cir. 2007) (dependent claims include all of the limitations of the claims from which they depend).

[4] This limitation is recited in independent claims 1 and 16 of the '188 patent. An almost identical limitation is recited in independent claim 17, and therefore recited in dependent claims 2-15, which depend from claim 1.

[5] This limitation is recited in independent claims 1 and 19, and therefore recited in dependent claims 2-18 and 20.

> iii. *Plaintiff has shown a sufficient interest in the back metal processing industry to create an immediate justiciable or immediate controversy and has shown that it will suffer immediate harm absent a declaratory judgment.*

MPT maintains that declaratory judgment does not exist because PT does not have a sufficient interest in back metal processing. "[T]he issue of whether there has been meaningful preparation to conduct potentially infringing activity [by a plaintiff] remains an important element in the totality of circumstances which must be considered in determining whether a declaratory judgment is appropriate." *Cat Tech LLC v. TubeMaster, Inc.*, 528 F.3d 871, 880 (Fed. Cir. 2008).

Here, MPT alleges that PT falsely claimed that PT has "developed and patented methods for separating the back metal layer on a semiconductor wafer that has a back metal layer," and attaches USPTO search results of patents assigned to PT that purport to show "no patents issued to Plasma-Therm for any back metal processing method." Doc. 45 at 10, Exhibit A. Furthermore, MPT identifies emails where PT indicated that it is not interested in pursuing back metal processing technology.

In response PT contends that even a cursory review of MPT's search results shows that the very first patent listed (No. 9,368,404) is precisely related to back metal processing, and is even entitled "Method for dicing a substrate with back metal." Also, PT points to MPT's own cease and desist letter to show its interest in this field. Moreover, PT argues that emails/statements to MPT regarding its interest and/or lack of interest in back metal processing technology are irrelevant as to whether PT *actually* conducted significant activities in the back metal processing field. Furthermore, the existence of PT's back metal processing patent, and its joint project with ON establishes PT's substantial activities in this field, regardless of what it may have told MPT.

The Court agrees that PT appears to have an interest in the back metal processing technology. As such, MPT's own cease and desist letter belies MPT's contention. In fact, the letter

identifies the joint development project between PT and ON relating to back metal processing as allegedly infringing MPT's patents. Thus, MPT cannot on one hand claim that PT lacks "a sufficient interest in back metal processing" to constitute an immediate controversy, but on the other hand accuse PT of currently infringing and threating to file suit if they do not cease and desist. Further, the record demonstrates that PT has a development project with ON relating to back metal processing. *See Tactical Software, LLC v. Digi Int'l, Inc.,* No. CIV. 03-166-M, 2003 WL 22401783, at *3 (D.N.H. Oct. 16, 2003) (requirement of immediate controversy "is plainly met" where patentee "has alleged that [Plaintiff] is actively engaged in conduct that infringes" the patents-in-suit.).

### B.   Count VII states a claim for defamation

MPT contends that PT's defamation claim should be dismissed because PT alleges nothing more than the elements of defamation without any factual support. "A claim for defamation requires: (1) publication; (2) falsity; (3) the actor must act at least negligently on a matter concerning a private person; (4) actual damages; and (5) a defamatory statement." *Brown v. Suncoast Beverage Sales, LLP*, No. 209-CV-498-FTM-29DNF, 2010 WL 555675, at *2 (M.D. Fla. Feb. 10, 2010) (citing *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008)). Furthermore, a defamatory statement is actionable when "it is published or communicated to a third person other than the plaintiff." *Axiom Worldwide, Inc. v. Becerra*, No. 808-CV-1918-T-27TBM, 2009 WL 1347398, at *7 (M.D. Fla. May 13, 2009) (citing *Am. Airlines, Inc. v. Geddes*, 960 So. 2d 830, 833 (Fla. 3d DCA 2007)). "Florida law recognizes two categories of compensatory damages for defamation: general and special." *Army Aviation Heritage Found. & Museum, Inc. v. Buis*, 504 F. Supp. 2d 1254, 1259 (N.D. Fla. 2007) (citing *Bobenhausen v. Cassat Ave. Mobile Homes, Inc.*, 344 So.2d 279, 281 (Fla. 1st DCA 1977). "General damages are those which the law

presumes must naturally, proximately and necessarily result from publication of the libel or slander. They are allowable whenever the immediate result is to impair the plaintiff's reputation, although no actual pecuniary loss is demonstrated." *Id.* "[A] defamatory statement is one that tends to harm the reputation of another by lowering him or her in the estimation of the community or ... one that exposes a plaintiff to hatred, ridicule, or contempt or injures his business or reputation or occupation." *Suarez v. Sch. Bd. of Hillsborough Cty.,* No. 8:13-CV-1238-T-17MAP, 2013 WL 5653435, at *2 (M.D. Fla. Oct. 16, 2013) (citing *Jews For Jesus*, 997 So.2d at 1108-09).

Review of the Amended Complaint reveals that PT's allegations sufficiently allege a claim for defamation. PT has alleged that MPT sent a letter in November 2015 to one of PT's customers alleging that PT was infringing one or more of MPT's patents. *See* Doc. 40 at ¶ 15. PT disputes MPT's allegation concerning infringement, such that the infringement allegations in the letter to ON are false. *See id.* at ¶¶ 45, 56, 67. PT also alleges that MPT's statements were defamatory, that MPT either knew that the statements were false, or acted in reckless disregard of their truth or falsity, and that the defamatory statements have caused reputational harm to PT. *See id.* at ¶¶ 77-78. Accordingly, MPT's motion to dismiss as it relates to the claim for defamation will be denied.

### 2. *Defendant's Supplemental Motion to Dismiss*

MPT seeks dismissal of PT's Amended Complaint based on its failure to join one or more indispensable parties, under Rule 19, or in the alternative, Rule 12(b)(7) (failure to join a party under Rule 19). MPT contends that ON Semiconductor Corporation, Semiconductor Components Industries, LLC, and Gordon Grivna are indispensable parties to the Amended Complaint, which added counts alleging unenforceability of the patents-in-suit relating to ON's claims of inventorship. *See* Doc. 47.

Rule 19, Fed. R. Civ. P., sets forth the following three-step procedure for determining whether an action must be dismissed for failure to join a necessary party: "(1) whether the absent party is

11

'required' for the litigation according to the factors enumerated in Rule 19(a); (2) whether the required party can be joined; and (3) if joinder is not feasible, whether the action can nevertheless proceed in 'equity and good conscience' under Rule 19(b)." *Ali v. Carnegie Inst. of Washington*, 306 F.R.D. 20, 25 (D.D.C. 2014); *see also Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011) (Rule 19 analysis requires determining whether the party in question is "required," and if so, but cannot be joined, determining whether the case should be dismissed).

On June 30, 2016, Plaintiff voluntarily dismissed, without prejudice, Counts II, IV and VI the unenforceability claims. *See* Doc. 49.  Plaintiff's voluntary dismissal renders this supplemental motion moot.  Accordingly, this motion will be denied.

       3.      *Plaintiff's Motion to Strike Defendant's Infringement Contentions and Supplemental Motion to Strike Amended Infringement Contentions*

The Federal Rules of Civil Procedure provide that "the court may order stricken from any pleading ... any redundant, immaterial, impertinent or scandalous matter." Fed.R.Civ.P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Schmidt v. Life Ins. Co. of N. Am.,* 289 F.R.D. 357, 358 (M.D. Fla. 2012) (citing *Hutchings v. Fed. Ins. Co.*, 2008 WL 4186994 at *2 (M.D. Fla. Sept. 8, 2008). It is not intended to "procure the dismissal of all or part of a complaint." *Id*. Likewise, a motion to strike is a drastic remedy and is disfavored by the courts. *Reyher v. Trans World Airlines*, 881 F.Supp. 574, 576 (M.D. Fla. 1995). Therefore, a motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Id*.

Here, PT contends that MPT's Original/Amended Preliminary Contentions are substantively deficient, untimely, should be stricken and judgment should be entered in its favor.

In response, MPT contends that its Original/Amended Preliminary Contentions were timely and sufficient.

Although MPT's contentions are sparse, they principally give PT notice of its preliminary infringement theories as to patents '745 and '188[6].  After the completion of discovery, the parties will have an opportunity to file final infringement contentions, which should more clearly and thoroughly define the infringement theories. At this stage of the litigation, PT fails to meet the burden required to grant a motion to strike, which is a harsh sanction. Moreover, motions to strike "are generally disfavored by the Court and are often considered time wasters." *Hutchings*, 2008 WL 4186994 at *2. PT's Motions to Strike will be dismissed.

Accordingly, it is

**ORDERED:**

1.      Defendant's Motions to Dismiss (Docs. 45, 47) are DENIED.

2.      Plaintiff's Motions to Strike Contentions and Preliminary Contentions (Docs. 50, 55) are DENIED.

**DONE AND ORDERED** in Tampa, Florida on December 21, 2016.

Charlene Edwards Honeywell
United States District Judge

Copies to:

Counsel of Record and Unrepresented Parties, if any

---

[6] To the extent that MPT has not submitted preliminary infringement contentions as to patent '493, it shall do so on or before December 28, 2016.