# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| PLASMA-THERM LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 8:15-cv-02785-CEH-TBM |
| | ) |
| MICRO PROCESSING TECHNOLOGY, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |
| MICRO PROCESSING TECHNOLOGY, INC., | ) |
| | ) |
| Counter-Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PLASMA-THERM LLC; ON SEMI-CONDUCTOR CORPORATION; SEMICONDUCTOR COMPONENT INDUSTRIES, LLC; and GORDON GRIVNA | ) |
| | ) |
| Counter-Defendants. | ) |

**DEFENDANT/ COUNTER-PLAINTIFF MICRO PROCESSING TECHNOLOGY, INC.'S MOTION TO SEAL "EXHIBIT E" TO ITS COUNTERCLAIM PLAINTIFF/COUNTER-DEFENDANT, PLASMA THERM LLC, COUNTER-DEFENDANT, ON SEMICONDUCTOR CORPORATION, COUNTER-DEFENDANT, SEMICONDUCTOR COMPONENT INDUSTRIES, LLC, AND <u>COUNTER-DEFENDANT, GORDON GRIVNA</u>**

Pursuant to Middle District of Florida Local Rule 1.09, Defendant/Counter-Plaintiff, Micro Processing Technology, Inc. ("MPT") by and through its attorneys, hereby moves this Court to allow MPT to file under seal a copy of "Exhibit E" to its Counterclaim Against

Plaintiff/Counter-Defendant Plasma-Therm LLC ("Plasma-Therm"), Counter-Defendant, ON Semiconductor Corporation, Counter-Defendant, Semiconductor Component Industries, LLC, (collectively, "ON Semi") and Counter-Defendant, Gordon Grivna ("Grivna") (the "Counterclaim"), which is due to be filed on January 18, 2016 and in support states the following:

In this district, a party seeking to file under seal must first comply with the procedural requirements set forth in the Middle District of Florida's Local Rules. The party must file a motion to seal, that includes:

> (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that seal each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.

M.D. Fla L. R. 1.09. As demonstrated below, MPT has met each of these requirements as to Exhibit E of its Counterclaim.

### I. LOCAL RULE 1.09(A) DESCRIPTION OF DOCUMENT TO BE FILED UNDER SEAL, NECESSITY OF FILING, AND REASON WHY MEANS OTHER THAN SEALING ARE UNAVAILABLE OR UNSATISFACTORY

Exhibit E to MPT's Counterclaim is the License Agreement between MPT and ON Semi[1] entered into by on or about August 25, 2014 (the "License Agreement"). The License Agreement contains references to MPT and ON's confidential, proprietary and/or trade secret

---

[1] ON Semiconductor Trading, Sarl, a Swiss corporation that, on information and belief, is based in Mexico, was also a party to the License Agreement.

information, including information related to the Patents-In-Suit[2] that are, in part, the basis for the Counterclaim. ON Semi and MPT agreed that the terms and conditions of the License Agreement were the confidential information of each party, and that each party must use reasonable care to safeguard the License Agreement as it would its own proprietary information. License Agreement at ¶ 6.1. The terms of the License Agreement, as well as its existence generally, are of paramount importance to allow MPT to prosecute its causes of action alleged in the Counterclaim. As a result of the confidential, proprietary and/or trade secret nature of the information contained in the License Agreement, as well as ON Semi and MPT's agreement to keep such confidential, the License Agreement should be filed under seal.

## II.     DURATION OF SEAL

MPT requests that the Court maintain the License Agreement under seal for the duration of this lawsuit and any subsequent appeal. Good cause exists to extend the typical one year limit on a seal because of the confidential, proprietary and/or trade secret nature of the information contained in the License Agreement. Moreover, concerns regarding the disclosure of the contents of the License Agreement will persist beyond one year.

## III.    AUTHORITY IN SUPPORT OF SEALING THE LICENSE AGREEMENT

When deciding whether to grant a party's motion to seal, "the court is required to balance the historical presumption of access against any competing interest." *Kuhns v. Zimmer, Inc.*, 2007 WL 781783 (M.D. Fla. 2007); *see also Romero v. Drummond Co., Inc.* 480 F.3d, 1234, 1246 (11th Cir. 2005); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F.3d 1304,

---

[2] United States Patent Numbers 9,153,493, 8,450,188 and 8,906,745 (collectively, the "Patents-In-Suit")

3

1314-15 (11th Cir. 2001). In balancing these interests, courts consider whether allowing access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Romero,* 480 F.3d at 1246*; see also Medai, Inc. v. Quantros, Inc.,* No. 6:12-cv-840-Orl-37GJK, 2012 U.S. Dist. Lexis 90318, at *4 (M.D. Fla. June 29, 2012).

The Eleventh Circuit has recognized that a "party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information" a party seeks to file under seal. *Romero,* 480 F.3d at 1246. The License Agreement presents such an instance where sealing the requested information is appropriate. The likelihood of injury to MPT and ON Semi if the confidential information in the License Agreement is placed into the public domain is significant, and filing them under seal would protect MPT and ON's confidential information from unnecessary exposure to their competitors and current and future business partners. *See U.S. ex rel Greg Westfall, et. al. v. Axiom Worldwide, Inc., et. al.,* 2008 WL 5341140 (M.D. Fla. Dec. 19, 2008) (holding that customer list should be filed under seal so that a competitor or others would have to employ their own resources to ascertain the identities of the party's customers). Further, the License Agreement does not contain information that is related to "public officials or public concerns," and there is not a "less onerous" alternative to sealing the document that would ensure that their contents remain confidential while allowing the Court to review it as necessary to reach a decision on the merits. *See Romero,* 480 F.3d at 1246.

WHEREFORE, for the foregoing reasons, MPT respectfully request that it be permitted to file the License Agreement under seal.

## RULE 3.01(g) CERTIFICATION

Pursuant to Rule 3.01(g), Local Rules of the District Court of the Middle District of Florida, MPT's counsel, certifies that it has attempted to discuss the relief sought herein with Plasma-Therm's counsel, but has been unable to do so. MPT's counsel will attempt to expeditiously contact Plasma-Therm's counsel and discuss the relief sought herein. Once MPT's counsel is able to confer with Plasma-Therm's counsel, it will supplement this motion promptly with a statement certifying whether or to what extent the parties have resolved the issue presented herein.

Dated: January 18, 2017

Respectfully submitted,

Anthony Albert Ferrigno
Appearing *Pro Hac Vice*
LEAD TRIAL COUNSEL
Email: a-trust-fraudlaw@msn.com
LAW OFFICES OF ANTHONY A. FERRIGNO
1116 Ingleside Avenue
Athens, TN 37303
Telephone: (423) 744-4041
Facsimile: (925) 945-8792

Lawrence E. Laubscher, Jr., Esq.
Appearing *Pro Hac Vice*
Email: llaubscher@laubscherlaw.com
LAUBSCHER SPENDLOVE
1160 Spa Road, Suite 2B
Annapolis, Maryland 21403
Telephone: (410) 280-6608
Facsimile: (410) 995-2009

/s/ Robert D. Zebro
Robert D. Zebro
Florida Bar No. 691062

<pre>
                                        Donald H. Crawford II
                                        Florida Bar No. 733431
                                        COPE, ZEBRO & CRAWFORD, P.L.
                                        14020 Roosevelt Boulevard, Suite 802
                                        Clearwater, Florida 33762
                                        Telephone:  (727) 369-6070
                                        Facsimile:   (727) 431-9080
                                        Email: rzebro@czcfirm.com
                                        Email: dcrawford@czcfirm.com
                                        *Attorneys for Defendant/Counter-Plaintiff
                                        Micro Processing Technology, Inc.*
</pre>

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 18, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

<pre>
                                        /s/ Robert D. Zebro
                                        Robert D. Zebro
                                        Florida Bar No. 691062
                                        COPE, ZEBRO & CRAWFORD, P.L.
                                        14020 Roosevelt Boulevard, Suite 802
                                        Clearwater, Florida 33762
                                        Telephone: (727) 369-6070
                                        Facsimile: (727) 431-9080
                                        Email: rzebro@czcfirm.com
                                        *Attorneys for Defendant/Counter-Plaintiff
                                        Micro Processing Technology, Inc.*
</pre>