# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| PLASMA-THERM LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: 8:15-cv-02785-CEH-TBM |
| MICRO PROCESSING TECHNOLOGY, INC., | ) ) ) |
| Defendant. | ) ) ) ) |

**PLAINTIFF/COUNTER-DEFENDANT PLASMA-THERM LLC'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AGAINST DEFENDANT/COUNTER-PLAINTIFF MICRO PROCESSING TECHNOLOGY, INC.**

Plaintiff/Counter-Defendant, Plasma-Therm LLC ("Plasma-Therm"), by counsel and pursuant to Fed. R. Civ. P. 11 ("Rule 11"), moves this Court for sanctions against Defendant/Counter-Plaintiff, Micro Processing Technology, Inc. ("MPT") and its attorneys Anthony A. Ferrigno, Lawrence E. Laubscher, Jr., Donald H. Crawford II, and Robert D. Zebro (collectively the "Attorneys"), for failing to conduct the required pre-filing investigation before filing its counterclaims alleging that Plasma-Therm has infringed U.S. Patent Nos. 8,450,188 ("the '188 patent"), 8,906,745 ("the '745 patent"), and 9,153,493 ("the '493 patent") (collectively, "the patents-in-suit"). Plasma-Therm submits this memorandum of law in support of its motion.

In accordance with Rule 11, this Motion for Sanctions was served under Rule 5 on MPT (through its counsel) and on its Attorneys on January 30, 2017. The pleadings and other papers

1

that were filed and subject to this motion (as explained below) were not withdrawn within twenty-one (21) days of service of the Motion for Sanctions, thereby necessitating the filing of this motion with the Court.

## I. INTRODUCTION

Before filing a complaint or counterclaim for patent infringement, Rule 11 requires the patent owner to conduct an infringement analysis, including, at a minimum, a comparison of the accused product to the claims of the asserted patents. When a patent owner has failed to conduct a sufficient analysis, Rule 11 requires the imposition of an appropriate sanction.

Prior to filing its counterclaims accusing Plasma-Therm of infringing the patents-in-suit, MPT utterly failed to meet the exacting pre-filing investigation standard of Rule 11. MPT's threadbare allegations reveal that MPT has failed to compare any accused product to any claims of the patents-in-suit. Indeed, MPT's counterclaims do not identify any allegedly infringing product or conduct, or even one claim of the patents-in-suit that is allegedly infringed. MPT's discovery responses further confirm that MPT has not conducted the required infringement analysis, and is instead basing its counterclaims on unfounded speculation. MPT's baseless accusations are precisely the type of conduct that Rule 11 is intended to deter, such that MPT and its Attorneys should be sanctioned.

## II. BACKGROUND

On November 27, 2015 MPT sent a demand letter to Plasma-Therm alleging that Plasma-Therm was infringing MPT's intellectual property rights with regard to its back metal processing technology. The demand letter was predicated on nothing more than MPT's unfounded belief that Plasma-Therm must be infringing MPT's patents by virtue of Plasma-Therm's relationship with third-party ON Semiconductor ("ON"), and Plasma-Therm's refusal to enter into a business

relationship with MPT. A true and correct copy of the demand letter is attached hereto as Exhibit A.

In order to clear its name from MPT's baseless allegations, Plasma-Therm commenced this declaratory judgment action against MPT on December 3, 2015, seeking a declaration of non-infringement with respect to the patents-in-suit. Since the beginning of the case, MPT has complained that it does not know how Plasma-Therm is performing back metal processing. From June 2016 to December 2016, MPT served a series[1] of preliminary infringement "contentions," none of which provided any indication of how MPT believes Plasma-Therm is infringing. In each of the contentions, MPT baldly alleged that Plasma-Therm infringes the independent claims of the patents-in-suit, without explaining how Plasma-Therm infringes, or even identifying an accused product. MPT explained the lack of detail in its contentions by stating that the contentions are "based on a preliminary understanding of information currently available to MPT, and MPT reserves the right to amend or supplement these contentions as its investigation and discovery proceed." *See e.g.,* Dkt. 50-2 (MPT's Preliminary Infringement Contentions). However, MPT has not served interrogatories seeking information that might support an infringement claim–in fact, MPT has not served any interrogatories at all in this case.

Nevertheless, despite proclaiming that it lacks information to provide more detailed contentions, and failing to diligently conduct discovery in the nearly twelve months since discovery opened, MPT has filed unsupported counterclaims alleging that Plasma-Therm infringes the patents-in-suit. *See* Dkt. 85 ¶¶ 28-42. MPT can't have it both ways–it cannot on the one hand complain that it needs more information to prepare infringement contentions, while

---

[1] MPT initially alleged that Plasma-Therm infringed only the '745 patent, but subsequently amended its contentions twice to add infringement allegations for the '188 patent and the '493 patent, respectively.

on the other hand meet its Rule 11 obligation for filing infringement counterclaims. MPT's discovery responses, and the lack of detail provided in MPT's counterclaims, confirm that MPT and its counsel failed to conduct an adequate pre-filing investigation before filing its counterclaims. Rather, MPT's counterclaims are based on its mere suspicion that Plasma-Therm must be infringing the patents-in-suit because Plasma-Therm declined to enter into a business relationship with MPT, and Plasma-Therm's current business relationship with ON. See Dkt. No. 85 at ¶¶ 10, 11, 18-42. Notably, in each count for patent infringement, MPT fails to identify any specific product developed by Plasma-Therm, how that product allegedly infringes the patents-in-suit, or what claims are allegedly infringed. *Id.* at ¶¶ 28-42.

MPT's failure to compare the claims of the patents-in-suit to an accused product before filing the counterclaims violates Rule 11 and warrants sanctions against MPT and its Attorneys.

### III. ARGUMENT

#### A. Rule 11 Standard

"[T]he central purpose of Rule 11 is to deter baseless filings in District Court . . . . Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Rule 11 states, in part:

> By presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed *after an inquiry reasonable* under the circumstances . . . . *the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.*

(emphasis added). With regard to patent infringement cases, Rule 11 requires attorneys to conduct an independent infringement analysis, comparing the claims of the patents-in-suit to the accused product before claiming patent infringement. *View Eng'g, Inc. v. Robotic Vision Sys.*,

208 F.3d 981, 986 (Fed. Cir. 2000); *PPS Data, LLC v. Athenahealth, Inc.*, No. 3:11-CV-746-J-37TEM, 2012 WL 601208, at *1 (M.D. Fla. Feb. 23, 2012) (Rule 11 requires "a fact-intensive comparison of the accused product and the asserted claim(s)"). Mere reliance on an accused infringer's advertising or statements to its customers is not sufficient to satisfy a patentee's Rule 11 obligation. *See View Eng'g, Inc.*, 208 F.3d at 985. When a party fails to conduct the required pre-filing analysis, "Rule 11 requires the court to impose 'an appropriate sanction.'" *Judin v. United States*, 110 F.3d 780, 785 (Fed. Cir. 1997); *View Eng'g, Inc.*, 208 F.3d at 986; *S. Bravo Sys. v. Containment Techs. Corp.*, 96 F.3d 1372, 1375 (Fed. Cir. 1996).

### B. MPT's Discovery Responses Confirm That MPT Failed To Comply With Rule 11

MPT and its attorneys failed to conduct any pre-filing investigation before filing its infringement counterclaims, much less the required analysis of comparing the patent claims to an accused product. Indeed, in response to Plasma-Therm's interrogatory requesting the complete factual and legal bases for MPT's infringement contentions, MPT merely referenced a boilerplate response to one of Plasma-Therm's document requests[2], and stated that MPT "has not yet completed discovery and reserves the right to supplement this response." *See* Ex. B (MPT's Responses to Plaintiff's First Set of Interrogatories), at Response to Interrogatory No. 1. Despite having nearly one year to conduct discovery, MPT has not supplemented its response to Interrogatory No. 1.

---

[2] MPT referenced its response to Plasma-Therm's Document Request No. 2 requesting "[a]ll documents relating to any of the Accused Products," to which MPT responded: "Without waiving these objections and subject thereto, Defendant is performing a search for relevant documents pertaining to the patents in suit and will produce same once they have been identified, reviewed for privilege, and prepared for production." *See* Ex. C (MPT's Responses to Plasma-Therm's First Set of Requests for Production of Documents and Things).

Plasma-Therm also propounded interrogatories seeking an explanation of how MPT first became aware of Plasma-Therm's alleged infringement (Interrogatory No. 2), and what information MPT reviewed to determine the nature and scope of the accused products before sending the cease and desist letter (Interrogatory No. 3). *See* Ex. B at 3-5. In response, MPT provided three bases for its infringement allegations. First, MPT noted that an ON employee, Mr. Gordy Grivna, informed MPT that ON had threatened to sue Plasma-Therm in 2014 for allegedly infringing an ON patent "regarding flipping a semiconductor wafer over onto another piece of tape and cutting the back metal with a water jet, referred to as 'jet ablation.'" *See* Ex. D (MPT's Supplemental Responses to Plaintiff's First Set of Interrogatories), at 2. However, whether ON threatened to sue Plasma-Therm for allegedly infringing a completely unrelated patent is irrelevant to whether Plasma-Therm infringes the patents-in-suit.

Second, MPT stated that it became suspicious of Plasma-Therm's alleged infringement of the '493 patent when Plasma-Therm personnel inquired about MPT's "stylus system," and expressed interest in having MPT develop and sell back metal processing equipment, but subsequently refused to include a non-compete clause in a sales agreement the parties were negotiating. *Id.* at 2-3. MPT assumes that Plasma-Therm would not agree to the non-compete clause because Plasma-Therm must be infringing MPT's patents. But such bald assumptions are insufficient under Rule 11; rather, MPT and its attorneys must compare the accused device to the patent claims. *See Judin*, 110 F.3d at 784 (affirming sanctions and finding that "attorney acted unreasonably in giving blind deference to his client"); *S. Bravo Sys.*, 96 F.3d at 1375 (affirming district court imposing sanctions because attorney relied on client's lay opinion and did not conduct an independent investigation "compar[ing] the accused devices with the patent claims").

Third, with respect to the alleged infringement of the '188 and '745 patents, MPT referenced alleged communications from Mr. Grivna stating that ON and MPT had entered into a joint development program with Plasma-Therm "to develop a back metal cleaving system using high pressure fluid to cleave all of the back metal on a wafer at one time." Ex. D at 3. MPT also referenced a number of documents it has produced in this case, which are communications between MPT and Plasma-Therm about a possible business relationship, but in no way describe any Plasma-Therm products or processes that might infringe the patents-in-suit. *See id.* at 2-3. However, relying on general statements from Mr. Grivna or Plasma-Therm is not a substitute for conducting an actual infringement analysis, as required by Rule 11. *See View Engineering*, 208 at 985 (affirming Rule 11 sanctions where patentee relied only on alleged infringer's advertising and statements to customers, and did not compare patent claims to accused product).

In addition, Interrogatory No. 12 asked MPT to provide its factual and legal bases for denying Plasma-Therm's Requests for Admission 1-5, which asked MPT to admit that it had no knowledge of whether Plasma-Therm had performed the steps of claim 1 of the '745 patent before sending the cease and desist letter. *See* Ex. E (MPT's Responses to Plaintiff's First Set of Requests for Admission). MPT responded by citing to the same communications between MPT and Plasma-Therm about entering into a business relationship, none of which provides any detail about any allegedly infringing Plasma-Therm product. *See* Ex. D at 5-6. Again, these communications relate to a proposed business arrangement, and fall far short of the detailed infringement analysis required by Rule 11.

MPT's failure to conduct an adequate pre-filing investigation is strikingly similar to the patentee's failure in *View Engineering*, where the Federal Circuit affirmed sanctions against the

patentee's attorney. *View Eng'g, Inc.*, 208 F.3d at 986.[3] Like here, the accused infringer in *View Engineering* filed a declaratory judgment action seeking a finding of non-infringement. *Id.* at 982. A few months later, after conducting limited discovery, the patentee filed counterclaims, accusing plaintiff of patent infringement. *Id.* at 982-83. However, at the time the patentee filed its counterclaims it had never seen the accused product, and its accusations of infringement were solely based upon its belief that plaintiff was infringing due to plaintiff's advertising and statements to its customers. *Id.* at 983, 985. Importantly, the patentee's attorneys did not conduct an independent claim construction or infringement analysis before filing counterclaims for patent infringement, and when asked how plaintiff infringed on an element by element basis, the patentee's attorney "responded that 'it could not do so in that sort of detail until [it] learned what [plaintiff] actually did.'" *Id.* The Federal Circuit affirmed Rule 11 sanctions against patentee's attorney, finding that Rule 11 requires the attorney to, "*at a bare minimum, apply the claims of each and every patent* that is being brought into the lawsuit *to an accused device* and conclude that there is *a reasonable basis for a finding of infringement of at least one claim of each patent so asserted.*" *Id.* at 986 (emphasis added).

Like in *View Engineering*, MPT and its attorneys failed to conduct a reasonable pre-filing inquiry before asserting counterclaims for patent infringement against Plasma-Therm, and instead rely solely on MPT's unsubstantiated suspicion. MPT bases its infringement suspicion on its failed negotiation with Plasma-Therm, and alleged business dealings with ON. But as the

---

[3] Rule 11 permits this Court to not only sanction MPT's attorneys but also MPT. Rule 11(c) states: "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, *or party* that violated the rule or is responsible for the violation." For example, in *Judin*, the Federal Circuit affirmed the district court imposing sanctions on both the plaintiff and his attorney after they commenced a patent infringement suit before conducting a reasonable pre-filing inquiry. *Judin*, 110 F.3d at 784-85. Likewise, this Court should hold both MPT and its Attorneys accountable.

Federal Circuit found in *View Engineering,* "[t]he presence of an infringement analysis plays the key role in determining the reasonableness of the pre-filing inquiry made in a patent infringement case under Rule 11." *Id.* MPT's discovery responses make clear that MPT and its counsel did not conduct any infringement analysis, thus warranting sanctions under Rule 11. *See View Eng'g,* 208 F.3d at 986; *Q-Pharm., Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1302 (Fed. Cir. 2004) ("[O]ur case law makes clear that the key factor in determining whether a patentee performed a reasonable pre-filing inquiry is the presence of an infringement analysis."); *Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066, 1072 (Fed. Cir. 2002) ("Although the attorney may consult with the client, Rule 11 requires that the attorney not rely solely on the client's claim interpretation, but instead perform an independent claim analysis."); *Judin*, 110 F.3d at 784 (affirming sanctions and finding that "attorney acted unreasonably in giving blind deference to his client"); *S. Bravo Sys.*, 96 F.3d at 1375 (affirming district court imposing sanctions because attorney relied on client's lay opinion and did not conduct an independent investigation "compar[ing] the accused devices with the patent claims").

### C. **MPT's Inability To Provide A Coherent Infringement Theory Demonstrates Its Failure To Satisfy Rule 11**

MPT's inability to provide any detail as to how Plasma-Therm allegedly infringes the patents-in-suit further evidences MPT's failure to conduct an adequate infringement analysis. *See Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016) ("Indeed, given the investigation that Rule 11(b) requires before filing a complaint, it is difficult to imagine how an action for infringement could be brought without a tentative but nonetheless coherent theory of which claims are allegedly infringed and how the accused products practice . . . each of those claims' elements"). For example, neither MPT nor its attorneys have identified in its counterclaims, with any specificity whatsoever, a product developed by Plasma-Therm that it

9

believes infringes the patents-in-suit, or how any such product infringes. Rather, MPT merely alleges that Plasma-Therm infringes the patents-in-suit by "making, using, selling, and/or offering to sell . . . *infringing products*." Dkt. No. 85, at ¶¶ 29, 34, 39 (emphasis added).

The lack of substance in MPT's counterclaims is consistent with the lack of substance MPT has provided during discovery in this case. In addition to its failure to substantively respond to Plasma-Therm's contention interrogatories, MPT has provided bare bone preliminary infringement contentions that provide no explanation of how MPT believes Plasma-Therm infringes the patents-in-suit. Specifically, on June 17, 2016, MPT served its preliminary infringement contentions baldly alleging that Plasma-Therm infringes only claims 1 and 19 of the '745 patent, without identifying any accused product or how any Plasma-Therm product practices any limitations of the asserted claims. *See* Dkt. 50-2 (MPT's Preliminary Infringement Contentions). On October 3, 2016, MPT served amended preliminary infringement contentions, which contained similarly unsupported allegations that Plasma-Therm infringes claims 1, 16, and 17 of the '188 patent. *See* Dkt. 55-1 (MPT's Amended Preliminary Infringement Contentions). Plasma-Therm promptly moved to strike MPT's contentions (Dkt. 50), and amended contentions (Dkt. 55). In response, MPT essentially admitted that it lacked the factual basis to provide additional support, stating that "the Amended Preliminary Contentions are based on the facts at hand" and that "MPT anticipates being able to provide more detailed infringement contentions following the depositions" that the parties were attempting to schedule.[4] Dkt. 64, at 3.

This Court denied Plasma-Therm's motions to strike, but also ordered MPT to amend its preliminary infringement contentions to include contentions with regard to the '493 patent. Dkt.

---

[4] Plasma-Therm has repeatedly provided available deposition dates, but MPT is still negotiating a confidentiality agreement with ON before moving forward with the corporate deposition of Plasma-Therm.

79. MPT submitted its second amended preliminary infringement contentions on December 28, 2016, which contained the unsupported allegation that Plasma-Therm infringes claim 1 of the '493 patent. *See* Ex. F (MPT's Second Amended Preliminary Infringement Contentions). That is, in the six months between MPT's initial preliminary infringement contentions and its second amended preliminary infringement contentions, MPT has apparently still not conducted an infringement analysis that would enable it to provide any support for its contentions or its newly filed counterclaims.

Roughly three weeks after serving its sparse second amended preliminary infringement contentions, MPT filed its infringement counterclaims, which similarly fail to identify an accused product or explain how the unidentified accused product infringes the patents-in-suit. MPT has had more than enough time to conduct an adequate pre-filing investigation, but has clearly failed to do so. *See View Eng'g,* 208 F.3d at 986 (sanctioning patentee for filing baseless infringement counterclaims four months after declaratory judgment complaint was filed, over patentee's objection that it had not had an opportunity to complete discovery). Indeed, although discovery has been ongoing for nearly one year, MPT has still not served a single interrogatory. MPT's decision to file infringement counterclaims without a sufficient pre-filing investigation warrants sanctions under Rule 11. *See Source Vagabond Sys. v. Hydrapak, Inc.*, 753 F.3d 1291, 1298 (Fed. Cir. 2014) ("[d]efending against baseless claims of infringement subjects the alleged infringer to undue costs—precisely the scenario Rule 11 contemplates").

## IV. CONCLUSION

For the foregoing reasons, Plasma-Therm respectfully requests that this Court enter an order against MPT and its attorneys Anthony A. Ferrigno, Lawrence E. Laubscher, Jr., Donald H. Crawford II and Robert D. Zebro:

(1) Imposing sanctions against MPT and its attorneys Anthony A. Ferrigno, Lawrence E. Laubscher, Jr., Donald H. Crawford II, and Robert D. Zebro;

(2) Directing MPT and its attorneys Anthony A. Ferrigno, Lawrence E. Laubscher, Jr., Donald H. Crawford II, and Robert D. Zebro to reimburse Plasma-Therm its attorneys' fees and costs incurred to defend against its baseless claims of infringement;

(3) Finding MPT and its attorneys Anthony A. Ferrigno, Lawrence E. Laubscher, Jr., Donald H. Crawford II, and Robert D. Zebro jointly and severally liable to Plasma-Therm for the fees and costs awarded to Plasma-Therm;

(4) For such other relief that this Court deems just and proper under the circumstances.

Respectfully submitted,

Dated: February 27, 2017

**BURR & FORMAN, LLP**

*/s/ Ryan M. Corbett*

Harvey S. Kauget, Esq.
Florida Bar No. 116254
Ryan M. Corbett, Esq.
Florida Bar No. 036911
BURR & FORMAN, LLP
201 N. Franklin St, Suite 3200
Tampa, Florida 33602
Telephone: (813) 221-2626
Facsimile: (813) 357-3599
Email: hkauget@burr.com
Email: rcorbett@burr.com

*Attorneys for Plaintiff, Plasma-Therm LLC*

12

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 27, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Ryan M. Corbett*

Ryan M. Corbett, Esq.
Florida Bar No. 036911
BURR & FORMAN, LLP
201 N. Franklin St, Suite 3200
Tampa, Florida 33602
Telephone: (813) 221-2626
Facsimile: (813) 357-3599
Email: rcorbett@burr.com

*Attorney for Plaintiff, Plasma-Therm LLC*