# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

PLASMA-THERM LLC,              )

                       )

           Plaintiff,    )

                       )

        v.            )   Civil Action No.: 8:15-cv-02785-CEH-TBM

                       )

MICRO PROCESSING TECHNOLOGY,   )

INC.,                   )

                       )

           Defendant.   )

                       )

MICRO PROCESSING TECHNOLOGY,
INC.,

           Counter-Plaintiff,

        v.

PLASMA-THERM LLC, ON SEMI-
CONDUCTOR CORPORATION,
SEMICONDUCTOR COMPONENT
INDUSTRIES, LLC, and GORDON
GRIVNA,

           Counter-Defendants.

---

## PLAINTIFF/COUNTER-DEFENDANT PLASMA-THERM, LLC'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff/Counter-defendant, Plasma-Therm, LLC ("Plasma-Therm" and/or "Plaintiff"

and/or "Counter-defendant") through counsel and pursuant to Federal Rule of Civil Procedure 56

and this Court's Case Management Order (Dkt. No. 29), hereby moves this Court to enter

summary judgment in its favor as to (1) Plasma-Therm's claims for declaratory judgment of non-

infringement against Micro Processing Technology, Inc. ("MPT" and/or "Defendant" and/or "Counter-plaintiff") as alleged in Counts I, III, and V of its Amended Complaint; and (2) MPT's claims for breach of contract and fraud/misrepresentation as alleged in Counts I and II of its Amended Counterclaim, and in support states:

**<u>Procedural Background</u>**

In November 2015, MPT sent an unsubstantiated demand letter to Plasma-Therm alleging that Plasma-Therm was infringing MPT's intellectual property rights with regard to its back metal processing technology. The demand letter was solely based on MPT's mere suspicion and provided no factual basis for its allegations of patent infringement. MPT published its unsubstantiated and false allegations of infringement to a third-party, damaging Plasma-Therm's reputation within the community. Consequently, Plasma-Therm commenced this action against MPT on December 3, 2015, seeking a declaration of non-infringement with respect to U.S. Patent Nos. 9,153,493 ("the '493 patent"), 8,450,188 ("the '188 patent"), and 8,906,745 ("the '745 patent") (collectively, the "patents-in-suit") and seeking damages for defamation. Dkt. No. 1.

On June 6, 2016, Plasma-Therm filed its First Amended Complaint against MPT, adding claims for declaratory judgment of unenforceability of the patents-in-suit. Dkt. No. 40. Shortly thereafter, on June 30, 2016, Plasma-Therm voluntarily dismissed its declaratory judgment claims of unenforceability of the patents-in-suit. Dkt. No. 49.

In January 2017, MPT filed its answer and affirmative defenses to Plasma-Therm's First Amended Complaint (Dkt. No. 87) and asserted against Plasma-Therm counterclaims for patent infringement, breach of contract, fraud/misrepresentation, and trade secret misappropriation. On March 24, 2017, however, MPT voluntarily dismissed its counterclaims for patent infringement

and trade secret misappropriation. Coincidentally, MPT's voluntary dismissal occurred shortly after Plasma-Therm filed its Rule 11 motion for MPT's failure to conduct a pre-filing inquiry before it filed its claims for patent infringement against Plasma-Therm. *See* Dkt. No. 100. More recently, MPT filed, and requested this Court enter, a consent decree that Plasma-Therm is entitled to a declaration of non-infringement. (Dkt. No. 135).

This Court entered a Case Management and Scheduling Order on April 11, 2016 (Dkt. No. 29) ("Case Management Order"), ordering discovery to close on July 7, 2017. This deadline, however, was recently extended to August 4, 2017 by this Court's order. Dkt. No. 138. Pursuant to the Case Management Order, Parties are required to submit dispositive motions by August 4, 2017. Dkt. No. 29.

### Movant's Statement of Material Facts

1.      On June 14, 2017, MPT filed an administrative motion to dismiss Plasma-Therm's claims for declaratory judgment of non-infringement for the patents-in-suit, admitting that this Court's claim construction ruling "render[ed] Plasma-Therm's conduct . . . 'Non-Infringing' as construed" and requesting that the Court enter an attached consent decree that affirmatively stated Plasma-Therm does not infringe any of the patents-in-suit. Dkt. No. 135 at 3.

2.      Throughout the course of this litigation, MPT never identified an accused product made, used, offered for sale, or sold by Plasma-Therm of which it believes infringes the patents-in-suit.

        a. In Interrogatory No. 12, MPT was asked to provide its factual and legal bases for denying Plasma-Therm's Requests for Admission 1-5, which asked MPT to admit that it had no knowledge of whether Plasma-Therm had performed the steps of claim 1 of the '745 patent before sending the cease and desist letter. MPT

responded to Interrogatory No. 12 by citing to communications between MPT and Plasma-Therm regarding entering into a business relationship—none of which provide any detail about an allegedly infringing product. A true and correct copy of Plasma-Therm's First Set of Requests for Admissions and MPT's First Supplemental Responses to Plasma-Therm's First Set of Interrogatories are attached hereto as composite **Exhibit A**.

b. In MPT's preliminary infringement contentions, MPT failed to identify an accused product. *See* Dkt. Nos. 50-2, 55-1, 79.

c. In MPT's final infringement contentions, MPT failed to identify an accused product. A true and correct copy of MPT's Final Infringement Contentions are attached hereto as **Exhibit B**.

d. In MPT's Amended Responses to Plasma-Therm's Second Set of Requests for Admissions, MPT admitted that, at the time it served its initial preliminary infringement contentions on June 17, 2016 and its subsequent amended preliminary infringement contentions on October 3, 2016: (1) it had not personally seen a prototype, or any other physical manifestation of a product, produced, manufactured, or developed by Plasma-Therm employing a method of dividing a semiconductor wafer or separating semiconductor devices protected by the claims at issue of the patents-in-suit; and (2) it had not personally witnessed, or otherwise observed, Plasma-Therm employ a method of dividing a semiconductor wafer or separating semiconductor devices protected by the claims at issue of the patents-in-suit. A true and correct copy of MPT's Amended

Responses to Plasma-Therm's Second Set of Requests for Admissions is attached hereto as **Exhibit C.**

    e. MPT stated the following in a recent Court filing: "In point of fact, in earlier discovery responses MPT indicated it was not then able to identify a Plasma-Therm product that embodied MPT's proprietary information . . . ." Dkt. No. 137 at 10.

3. MPT concedes that based upon this Court's claim construction ruling, Plasma-Therm does not infringe the patents-in-suit.

    a. MPT stated in a recent motion that the Court's claim construction ruling has "render[ed] Plasma Therm's conduct, subject of MPT's Counterclaims, 'Non-Infringing' as construed." Dkt. No. 135 at 3.

    b. MPT requested the Court to enter a consent decree for a declaration of non-infringement by Plasma-Therm. Dkt. No. 135.

    c. "[MPT] admits only that it does not necessarily infringe as the claims in the patents were construed and that, as a result of that construction, dropped its infringement claims without prejudice." Dkt. No. 129 at 14.

    d. Counsel for MPT stated in a declaration filed with this Court: "[T]he Court in this case handed down its Claims Construction ruling making MPT's Infringement and Trade Secret claims most unlikely to prevail at trial, so MPT voluntarily dismissed those against ON and Plasma-Therm as to those infringement related claims." Dkt. No. 128-1 ¶ 11.

4. MPT did not serve any interrogatories on Plasma-Therm throughout discovery.

5.      MPT did not serve any requests for admissions on Plasma-Therm throughout discovery.

6.      MPT did not disclose any expert reports in support of infringement against Plasma-Therm.

7.      Per this Court's order, discovery closes on August 4, 2017. Dkt. No. 138.

8.      MPT and Plasma-Therm entered into a Confidential Disclosure Agreement (the "Contract"). The Contract was attached to MPT's pleadings as an exhibit in support of its counterclaims. *See* Exhibit D1 of Dkt. No 85.[1] A true and correct copy of MPT's Exhibit D1 is attached hereto to this Motion for the Court's convenience as **Exhibit D**.  The parties do not dispute the existence of the Contract, nor have the terms of the Contact been placed in dispute in this action.

9.      The Contract includes the following provision regarding current and future product development:

> Disclosing Party understands that Receiving Party may currently or in the future be developing products internally, or receiving information from other parties that may be similar to Disclosing Party's Proprietary Information. Accordingly, nothing in this Agreement will be construed as a representation or inference that Receiving Party will not develop products, or have products developed for it, that, without violation of this Agreement, compete with the products or systems contemplated by Disclosing Party's Proprietary Information.

Exhibit D ¶ 6.

10.     The Contract includes the following merger clause provision:

> This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes any and all prior agreements and communications regarding same, whether written or oral.

Exhibit D ¶ 11.

---

[1] MPT's First Amended Counterclaim refers to Exhibit D as a true and correct copy of the Contract between it and Plasma-Therm, but failed to attach it. *See* Dkt. No. 119 ¶ 21. Thus, Plasma-Therm refers and directs this Court's attention to MPT's initial counterclaim where exhibits were attached.

## **STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, the Court evaluates the evidence in the record "including depositions, documents . . . affidavits or declarations, stipulations . . . admissions, interrogatory answers or other materials." Fed. R. Civ. P. 56(c)(1)(A).

One of the primary purposes of the summary judgment rule is to "isolate and dispose of factually unsupported claims." *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 702 F.3d 1312, 1317 (11th Cir. 2012) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). Accordingly, a genuine issue of material fact does not exist "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There must be more than "[t]he mere existence of a scintilla of evidence in support of [the nonmoving party's] position." *Simmons v. Bd. of Regents of Univ. Sys. of Georgia*, 523 F. App'x 712, 713 (11th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)).

Federal Rule of Civil Procedure 56, therefore, "mandates the entry of summary judgment, after adequate time for discovery . . . , against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

Plasma-Therm respectfully requests that this Court grant summary judgment in its favor because no genuine dispute of material fact exists with respect to the claims presented in this Motion, and Plasma-Therm is entitled to a judgment as a matter of law.

**A.** **Summary Judgment Should Be Granted in Favor of Plasma-Therm for Its Declaratory Judgment of Non-Infringement Claims (Counts I, III, and V)**

In Counts I, III, and V of Plasma-Therm's Amended Complaint, Plasma-Therm asserts claims for declaratory judgment of non-infringement for the patents-in-suit. Dkt. No. 40. These claims, however, are no longer in dispute. In a recent motion filed by MPT, MPT admitted that Plasma-Therm is entitled to a declaration of non-infringement for the patents-in-suit and requested this Court to enter a consent decree to a declaration of non-infringement. *See* Dkt. No. 135. MPT is bound by its judicial admission. *Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1178 (11th Cir. 2009) (stating that "facts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them"); *see also Postscript Enterprises v. City of Bridgeton*, 905 F.2d 223, 228 (8th Cir. 1990) (treating statements made in a party's brief as a judicial admission); 29A Am. Jur. 2d Evidence § 783 ("A judicial admission is a party's unequivocal concession of the truth of a matter, and removes the matter as an issue in the case. It is a voluntary concession of fact by a party or a party's attorney during judicial proceedings."). Accordingly, summary judgment is appropriate as to Counts I, III, and V for a declaration of non-infringement of the patents-in-suit because no genuine dispute of material fact exists, and Plasma-Therm is entitled to judgment in its favor as a matter of law.

Notwithstanding the above, Plasma-Therm is entitled to summary judgment because MPT cannot establish that Plasma-Therm infringes the patents-in-suit. In a declaratory judgment of non-infringement suit, the patentee (MPT in this case) bears the burden at trial to prove infringement. *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 134 S. Ct. 843, 846 (2014) (holding that in a declaratory judgment of non-infringement claim, "the burden of proving infringement remains with the patentee"). MPT cannot do so.

First, and foremost, a necessary element to establish patent infringement requires MPT to identify an accused product. *Demodulation, Inc. v. United States*, 126 Fed. Cl. 499, 507 (2016) ("Ultimately, no matter how the claims might be construed, there can be no infringement as a matter of law when [the patentee] has failed to identify an accused product."); *see also Pieczenik v. Bayer Corp.*, 474 Fed. App'x 766, 770-71 (Fed. Cir. 2012) (affirming dismissal of patent infringement claim because the complaint did not sufficiently identify an accused product).

MPT has not—and cannot—identify an accused product. *See supra* ¶¶ 2(a)-(e). Early in litigation, Plasma-Therm requested that MPT identify an accused product through interrogatories, but MPT could or would not do so. *See supra* 2(a). Later on in litigation, MPT failed to identify an accused product in its preliminary infringement contentions, alleging it needed more time for discovery. And then in its final infringement contentions, MPT still failed to identify an accused product. In fact, in a recent filing by MPT, MPT admits this grave shortcoming. Dkt. No. 137 at 10 (recognizing MPT's inability "to identify a Plasma-Therm product that embodie[s] MPT's proprietary information").

Moreover, in addition to MPT's request for this Court to enter a consent decree for a declaration of non-infringement, *see supra* ¶ 1, MPT conceded, on multiple occasions, its inability to prove infringement. *See supra* ¶ 3. And more than once, MPT represented to this Court that it voluntarily dismissed its counterclaims for infringement because it would likely fail on those claims based on this Court's claim construction ruling. *See supra* ¶¶ 3(c)-(d).

While MPT once relied on the excuse that it needs more time to conduct discovery, no such excuse can shield it now. Discovery has been available to MPT for over a year. Now, concurrently with the due date of this Motion, discovery closes. Dkt. No. 138 (closing discovery on August 4, 2017). And despite the tools of discovery being available, MPT never propounded

any interrogatories; never served any requests for admissions; never served an expert report in support of its infringement claims. *See supra* ¶¶ 4-6. MPT's infringement claims were fatally flawed from the moment they were asserted, and even after having the benefit of many months of discovery, MPT cannot identify any facts that would allow it to meet its burden of proving infringement.

For the foregoing reasons, Plasma-Therm respectfully requests this Court grant summary judgment in its favor as to its declaratory judgment of non-infringement claims.

**B.      Summary Judgment Should Be Entered in Favor of Plasma-Therm for MPT's Breach of Contract Counterclaim**

MPT sets forth its allegations for breach of contract in Count I of its First Amended Counterclaim. *See* Dkt. No. 119 ¶¶ 26-31. Specifically, MPT alleges that Plasma-Therm breached the Confidential Disclosure Agreement (the "Contract") entered into between the parties by sharing MPT's confidential information with ON. *See* Dkt. No. 119 ¶ 24. MPT's claim is unsubstantiated, and thus summary judgment is appropriate.

To prove breach of contract under Florida law,[2] MPT must show that (1) a valid contract exists; (2) the contract was materially breached; and (3) damages. *Abbot Labs., Inc. v. Gen. Elec. Capital*, 765 So. 2d 737, 740 (Fla. 5th DCA 2000); *Trowell v. South Financial Group, Inc.*, 315 Fed. App'x 163, 165 (11th Cir. 2008) (reciting the elements for breach of contract under Florida law). Plasma-Therm does not deny the existence of the Contract. A reasonable trier of fact, however, could not find that Plasma-Therm breached the Contract.

MPT's breach of contract claim is premised solely on suspicion. In Plasma-Therm's Second Set of Requests for Documents and Things, it requested MPT to provide all documents

---

[2] The Contract contains a "Governing Law" provision which states that the Contract "shall be governed by the laws of the United States and the State of Florida, without regard to conflicts of law principles." Exhibit D ¶ 19.

tending to prove its breach of contract claim within its possession. The documents produced by MPT do not reveal or plausibly suggest that Plasma-Therm improperly disclosed confidential information to ON. Instead, they simply provide communications between MPT and Plasma-Therm in which they discussed entering into a business relationship, but ceased discussions when the parties could not agree upon a non-compete clause. In other words, the record is devoid of any evidence whatsoever to support MPT's claim.

It is upon MPT to prove that Plasma-Therm breached the Contract. MPT has had sufficient time to develop its claims, but has failed to provide anything more than unsupported allegations. This unsubstantiated claim is just the type of claim that the summary judgment rule is meant to dispose of. *See Celotex Corp.*, 477 U.S. at 322 (finding summary judgment appropriate when the nonmoving party has been given adequate time to conduct discovery and "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial").

Accordingly, Plasma-Therm respectfully requests that this Court enter summary judgment on MPT's breach of contract claim in favor of Plasma-Therm.

**C.** **Likewise, Summary Judgment Should Be Entered in Favor of Plasma-Therm with Respect to MPT's Fraud/Misrepresentation Claim**

MPT's allegations for fraud/misrepresentation are set forth in Count II of its First Amended Counterclaim. Dkt. No. 119 ¶¶ 32-42. A fraud/misrepresentation claim under Florida law requires MPT to prove: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induces another to act on it; and (4) consequent injury by the party acting in reliance on the representation." *Butler v. Yusem*, 44 So. 3d 102, 105 (Fla. 2010).

MPT's allegations, like its breach of contract claim, are unsupported. MPT alleges that Plasma-Therm "represented that it was not engaged in its own development of a BMP solution and was not and did not intend to design, build nor sell BMP machinery." Dkt. No. 119 ¶ 33. MPT further alleges that "[b]ut for [Plasma-Therm's] representations, MPT would not have entered the [Contract]. . . let alone share information related to its Patents-In-Suit and its trade secrets." Dkt. No. 119 ¶ 43.

Even assuming that Plasma-Therm's representations were false, which they were not, "[r]eliance on fraudulent representations is unreasonable as a matter of law where the alleged misrepresentations contradict the express terms of the ensuing agreement." *Jaffe v. Bank of America, N.A.*, 667 F. Supp. 2d 1299, 1320 (S.D. Fla. 2009) (applying Florida law); *see also Garcia v. Santa Maria Resort, Inc.*, 528 F. Supp. 2d 1283, 1295 (S.D. Fla. 2007) (dismissing fraud and misrepresentation claims finding that under Florida law there is "no right to rely upon alleged oral misrepresentation that are adequately covered and expressly contradicted in a later written contract"); *Signeo Int'l Ltd. v. Wade*, No. 6:12-CV-1884-ORL-DAB, 2013 WL 12153591, at *7 (M.D. Fla. June 6, 2013) (dismissing plaintiff's fraud claim as a matter of Florida law because plaintiff could not reasonably rely on statements "made *after* it signed [a] contract" when the statements "were at variance with the written terms to which [plaintiff] agreed" (internal quotations omitted) (emphasis in the original)); *B & E Gibson Enterprises Inc. v. Darngavil Enterprises LLC*, No. 6:12-CV-1865-ORL-31, 2013 WL 1969288, at *2 (M.D. Fla. May 13, 2013) ("Although the mere presence of a merger clause is not an impediment to a cause of action for fraud in the inducement, an express provision in a contract which directly contradicts the alleged misrepresentation will defeat a claim for fraud in the inducement." (internal quotations and citations omitted)).

Here, the Contract that MPT agreed to, executed, and now wishes to enforce in this action, expressly contradicts the representations it claims Plasma-Therm made and were fraudulent. Specifically, the Contract states:

> [MPT] understands that [Plasma-Therm] may currently or in the future be developing products internally, or receiving information from other parties that may be similar to [MPT's] Proprietary Information. Accordingly, nothing in this Agreement will be construed as a representation or inference that [Plasma-Therm] will not develop products, or have products developed for it, that, . . . compete with the products or systems contemplated by [MPT]."

Exhibit D ¶ 6. The Contract further provides that the Contract "constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes any and all prior agreements and communications regarding same, whether written or oral." *Id.* ¶ 11. MPT's fraudulent misrepresentation claim therefore fails as a matter of law because "the alleged misrepresentation explicitly contradict[s] an unambiguous provision in [the Contract]". *Signeo Int'l Ltd.*, 2013 WL 12153591, at *7.

Notwithstanding the above, MPT alleges that Plasma-Therm made the alleged representations to "steal MPT's intellectual property to use in developing a BMP solution" and that it "lost its investment in [its] proprietary information, proceeds from the productions and sale of product wrongfully enjoyed and taken by Plasma-Therm to their unjust enrichment." Dkt. No. 119 ¶¶ 37, 40. MPT's allegations, however, like in its breach of contract claim, are completely unsubstantiated as they are based entirely on MPT's mere suspicion.

In Plasma-Therm's Second Set of Requests for Documents and Things, it requested MPT to provide all documents tending to prove its fraud/misrepresentation claim within its possession, including "[a]ll documents, if any, evidencing and identifying a product developed by [Plasma-Therm] using [MPT's] proprietary information." The documents produced by MPT do not (1) identify any product produced by Plasma-Therm improperly using MPT's proprietary

information or (2) plausibly suggest that Plasma-Therm stole MPT's intellectually property. In fact, MPT produced the same documents for its breach of contract claim, which simply provide communications between MPT and Plasma-Therm in which they discussed entering into a business relationship, but ceased discussions when the parties could not agree upon a non-compete clause.

MPT's failure to identify a product that forms the basis for its fraud/misrepresentation claim is unsurprising. It aligns with MPT's *modus operandi*—flagrantly making unsubstantiated allegations based upon imaginary products it erroneously believes Plasma-Therm is producing (i.e. making patent infringement counterclaims prior to identifying an accused product). *See* Dkt. No. 100 (outlining MPT's failure to conduct a pre-filing inquiry in Plasma-Therm's Rule 11 motion).

MPT has the burden to prove its fraud/misrepresentation claim. MPT has been provided plenty of time to develop it, but has failed to provide anything more than allegations based on fantasy.

Now at the end of discovery, and as a completely unsubstantiated claim, Plasma-Therm respectfully requests this Court grant summary judgment in its favor as to Count II of MPT's First Amended Counterclaim for fraud/misrepresentation. *See Celotex Corp.*, 477 U.S. at 322 (finding summary judgment appropriate when the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case" after being provided adequate time to conduct discovery).

### CONCLUSION

For the foregoing reasons, Plasma-Therm respectfully requests that this Court grant summary judgment in its favor as to (1) Plasma-Therm's claims for declaratory judgment of non-

infringement as alleged in Counts I, III, and V of its Amended Complaint; and (2) MPT's claims for breach of contract and fraud/misrepresentation as alleged in Counts I and II of MPT's Amended Counterclaim.

Respectfully submitted,

Dated:  August 4, 2017

**BURR & FORMAN, LLP**

*/s/ Harvey S. Kauget*

Harvey S. Kauget, Esq.
Florida Bar No. 116254
Ryan M. Corbett, Esq.
Florida Bar No. 036911
Giovanni P. Giarratana, Esq.
Florida Bar No. 125848
BURR & FORMAN, LLP
201 N. Franklin St, Suite 3200
Tampa, Florida 33602
Telephone:  (813) 221-2626
Facsimile:   (813) 357-3599
Email: hkauget@burr.com
Email: rcorbett@burr.com
Email: ggiarratana@burr.com

*Attorneys for Plaintiff, Plasma-Therm LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 4, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Harvey S. Kauget

Harvey S. Kauget, Esq.
Florida Bar No. 116254
BURR & FORMAN, LLP
201 N. Franklin St, Suite 3200
Tampa, Florida 33602
Telephone:  (813) 221-2626
Facsimile:   (813) 357-3599
Email: rcorbett@burr.com

*Attorney for Plaintiff, Plasma-Therm LLC*