# IN THE UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION

PLASMA-THERM LLC,                           )
                                            )
                    Plaintiff,              )
                                            )
        v.                                  )    Civil Action No.: 8:15-cv-02785-CEH-TBM
                                            )
MICRO PROCESSING TECHNOLOGY,                )
INC.,                                       )
                                            )
                    Defendant.              )
                                            )
                                            )

MICRO  PROCESSING  TECHNOLOGY,
INC.,

                    Counter-Plaintiff,

        v.

PLASMA-THERM LLC, ON SEMI-
CONDUCTOR CORPORATION,
SEMICONDUCTOR COMPONENT
INDUSTRIES, LLC, and GORDON
GRIVNA,

                    Counter-Defendants.

_____

**DEFENDANT AND COUNTER-PLAINTIFF MICRO PROCESSING TECHNOLOGY, INC.'S OPPOSITION TO PLAINTIFF/COUNTER-DEFENDANT PLASMA-THERM, LLC'S MOTIONS FOR SUMMARY JUDGMENT ON ITS DECLARATORY RELIEF CLAIM AND ON MPT'S COUNTER-CLAIMS WITH INCORPORATED MEMORANDUM OF LAW AND SEPARATE STATEMENT OF PROPOSED UNDISPUTED MATERIAL FACTS**

Defendant/Counter-Plaintiff,  Micro Processing Technology, Inc. ("MPT") through counsel and pursuant to Federal Rule of Civil Procedure 56, hereby submits its Opposition papers to Plaintiff /Counter-Defendant Plasma-Therm, LLC ("Plasma-Therm") Motion for

Summary Judgment on the remaining claims in its Complaint (except its claim for Defamation upon which it did not move) and for Summary Judgment on MPT's Counter-Claims. MPT respectfully requests the Court deny Plasma-Therm's Motion on all counts, both on its First Amended Complaint as to Counts I, III and V which are each seeking identical relief, to wit, Summary Judgment as to issuance of a Judgment for Declaratory Relief of Non-Infringement as to each of the MPT "patents-in- suit"; and, as to MPT's Counts I and II on its Counter-Claims against Plasma-Therm for Breach of Contract and Fraud.

## 1. BACKGROUND OF THE CASE

This is a case where the "Cease and Desist" letter has taken the parties, especially MPT, on a wild ride to truly unexpected destinations!

In late November, 2015 counsel for MPT sent out two separate "Cease and Desist" letters, seeking to avoid, not encourage, litigation. The letters went one each to ON-Semi and Plasma-Therm notifying them it had learned each of them were working together on a joint development project to build an apparatus utilizing MPT's patent and trade secrets relating to technology it had invented to cleanly and efficiently separate back metal from wafers (usually silicon), after a first-step process called "plasma dicing" has singulated the wafers, each of which may hold thousands, sometimes hundreds of thousands of semi-conductor chips.

Plasma-Therm's counsel mischaracterizes these letters as based upon unsubstantiated suspicions and speculation, but what its counsel does not want the Court to know is that the information MPT was relying upon was taken right out of the proverbial "horse's mouth" – Mr. Gordon Grivna's - Chief Project Engineer for ON-Semi for its development of plasma dicing (first-step process) and what Plasma-Therm is expert at; and, Back Metal Processing, MPT's specialty niche in the Semi-Com industry. ON-Semi is a behemoth semi-conductor manufacturer.

The ink was hardly dry on the signature of MPT's counsel when the Plasma-Therm non-infringement Declaratory Judgment lawsuit against Plasma-Therm was filed against MPT.

Plasma-Therm likes to talk about how MPT still cannot identify an "accused product" it contends Plasma-Therm is manufacturing and selling in the marketplace that MPT contends infringes its patents. But now it's time in the case that Plasma-Therm must answer the question: what product was it manufacturing and/or selling that caused this MPT letter to become such a threat to its business that it was forced to run to this Courthouse for protection.

The answer is "none". After close to two years of litigation, Plasma-Therm has not produced a scrap of evidence to this Court that might argue for "standing" to have brought this claim against MPT.

It's not "infringement" that's at issue, but Plasma-Therm's right to even be here as a Plaintiff seeking relief. It is Plasma-Therm which cannot identify an accused product and, thus has failed to show it has standing to ask for the relief it seeks. One might say in fact it has "no prayer" in this circumstance.

What happened in this matter is that Plasma-Therm and ON-Semi, each in its own way, made promises to MPT they knowingly undermined so that MPT was deprived of its ability to compete as these two much larger companies were waiting around to grind them down with having to spend time in Court, rather than get the benefit of its hard-earned technological advantage it sought to profit from.

While ON-Semi, by secretly working with Plasma-Therm to have it develop a BMP machine of its own for ON-Semi and Plasma-Therm's own customers, it undermined MPT's ability to sell additional machines to it or to sell those BMP machines to Plasma-Therm's first-step plasma-dicing customers. Better yet for ON-Semi, it had a contract provision, the five years for which was running all the while, for MPT to sell 15 BMP "stylus" based machines to third parties under threat of

rendering its use of its own '493 patent (coupled to work in MPT's machine with ON-Semi's stylus technology) worthless without the rapidly expiring right to use ON-Semi's cross-licensed BMP technology. See Declaration of MPT's CEO for the evidence that supports all the facts set forth in this section-they are the facts now in the record by way of his Declaration.

2.      ARGUMENT & FACTS RE PLASMA-THERM'S LACK OF STANDING

The law on Standing Entitling a Party to a Declaratory Judgment of Non-Infringement is well summarized in the following excerpts:

> Plaintiffs' claim for a <u>declaratory judgment of noninfringement</u> which <u>fails to identify any specific products is more problematic</u>. It is true that one purpose of the complaint is to provide reasonably detailed notice of the claims asserted (see Grid Systems Corp. v. Texas Instruments Inc., 771 F. Supp. 1033, 1037 (N.D. Cal. 1991), [*39] and that here because Defendants threatened suit against the Plaintiffs over the patents sub judice, we should presume that Defendants know which products infringe. Nonetheless, **without identifying the accused products**, there simply is no way to adjudicate an infringement claim. Absent identification of the products accused of infringement, **there is no concrete case or controversy** or sufficient specificity to satisfy Twombly and Iqbal. Cf. MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 S.Ct. 764, 771, 166 L. Ed. 2d 604 (2007) ("Basically, **the question in each case** is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, **of sufficient immediacy and reality to warrant the issuance of a declaratory judgment**.") (internal quotations and citations omitted); Panavise Prods., Inc. v. Nat'l Prods., Inc., 306 Fed. Appx. 570, 572-574 (Fed. Cir. 2009) (noting that "[i]n analyzing jurisdictional questions in declaratory judgment actions, there is no bright-line rule" and finding that the "mere allegation" that a product "potentially" infringes a patent falls short of establishing a controversy, "when viewed under the totality    [*40] of the circumstances.").

Further to the point, in Wistron Corp. v. Phillip M. Adams & Assocs., No. C-10-4458 EMC, 2011 U.S. Dist. LEXIS 46079, at *38-40 (N.D. Cal. Apr. 28, 2011)

"**A party may not obtain a declaratory judgment merely because it would like an advisory opinion <u>on whether it would be liable for patent infringement if it were to initiate some merely contemplated activity</u>**." Cat Tech, 528 F.3d at 881 (citations and internal quotation marks omitted); see also Public Serv. Comm'n v. Wycoff Co., 344 U.S. 237, 244, 73 S. Ct. 236, 97 L. Ed. 291 (1952)

("The disagreement must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, **what effect its** [**13] **decision will have on the adversaries, and some useful purpose to be achieved in deciding them.**"). Until some specific and concrete evidence regarding how Matthews' customers plan to use the cremation units is available, any judicial determination regarding whether such use would infringe the Method Patents would be **premature**. See Sierra Applied Scis., Inc. v. Advanced Energy Indus., Inc., 363 F.3d 1361, 1379 (Fed. Cir. 2004) (concluding that a dispute lacked the required immediacy where **a prototype** of the product in question would not be **operational until more than a year after the complaint** was filed); Telectronics Pacing Sys., Inc. v. Ventritex, Inc., 982 F.2d 1520, 1527 (Fed. Cir. 1992) (affirming the dismissal of a declaratory judgment claim where **clinical trials of an allegedly infringing product had just begun and it was "years away"** from being approved by the Food and Drug Administration ("FDA")); Lang v. Pac. Marine & Supply Co., 895 F.2d 761, 764 (Fed. Cir. 1990) (concluding that the actual controversy requirement was not satisfied where the allegedly infringing product "would not be finished **until at least 9 months** after the complaint was filed").

Matthews Int'l Corp. v. Biosafe Eng'g, LLC, 695 F.3d 1322, 1329 (Fed. Cir. 2012)

Our decisions have required that **the dispute be "definite and concrete**, touching the legal relations of parties having adverse legal [***615] interests"; and that it be "real and substantial" and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Id., at 240-241, 57 S. Ct. 461, 81 L. Ed. 617. In Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S. Ct. 510, 85 L. Ed. 826 (1941), we summarized as follows: "Basically, the question in each case is whether the facts alleged, under all the circumstances, [****17] show that there is a substantial controversy, between parties having adverse legal interests, **of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.**" MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127, 127 S. Ct.

764, 771 (2007)                          5.

Plasma-Therm's proposed Undisputed Material Facts speak nothing of any immediate threat or harm to its business if a Declaratory judgment were not issued. What would the judgment address? Plasma-Therm simply provides nothing for the Court to act upon.

Returning to its theme that MPT has not identified an "accused product" has no traction whatsoever: MPT long ago voluntarily dismissed without prejudice its infringement claims. The fact it offered a voluntary consent decree provided the order stated it would not be precluded from bringing a future infringement claim should it discover Plasma-Therm's conduct came within the Court's narrower claims' construction is of no assistance to it either.

3. <u>MPT's RESPONSE TO: Movant's Statement of Material Facts</u>

1. On June 14, 2017, MPT filed an administrative motion to dismiss Plasma-Therm's claims for declaratory judgment of non-infringement for the patents-in-suit, admitting that this Court's claim construction ruling "render[ed] Plasma-Therm's conduct . . . 'Non-Infringing' as construed" and requesting that the Court enter an attached consent decree that affirmatively stated Plasma-Therm does not infringe any of the patents-in-suit. Dkt. No. 135 at 3.

MPT RESPONSE:

The proffered Consent Decree was not entered by the Court before it was withdrawn in favor of an order clarifying the effect was not "res judicata". There was no underlying settlement that led to the offer for a Consent Decree. MPT was free to withdraw it at any time. This was only a recognition that the Court's Markham Rulings were much narrower than MPT was advocating, yet neither party has ever identified an "accused product" about which the fight could be joined. The Court should ignore this proffered undisputed fact as irrelevant.

2. Throughout the course of this litigation, MPT never identified an accused product made, used, offered for sale, or sold by Plasma-Therm of which it believes infringes the patents-in-suit.

MPT RESPONSE: OBJECT, irrelevant as MPT has already dismissed its infringement claims and, more importantly, for all the reasons stated above, the Court should deny Plasma-Therm's motion and, in fact, throw its claims out as it has never, and still has not identified an accused product threated by MPT's letter to do it-Plasma Therm-any economic harm.

a.  In Interrogatory No. 12, MPT was asked to provide its factual and legal bases for denying Plasma-Therm's Requests for Admission 1-5, which asked MPT to admit that it had no knowledge of whether Plasma-Therm had performed the steps of claim 1 of the '745 patent before sending the cease and desist letter. MPT responded to Interrogatory No. 12 by citing to communications between MPT and Plasma-Therm regarding entering into a business relationship—none of which provide any detail about an allegedly infringing product. A true and correct copy of Plasma-Therm's First Set of Requests for Admissions and MPT's First Supplemental Responses to Plasma-Therm's First Set of Interrogatories are attached hereto as composite **Exhibit A**.

MPT'S RESPONSE:    MPT has dismissed voluntarily its earlier filed compulsory infringement claims without prejudice. This evidence is irrelevant. It is Plasma-Therm that must show it's business activity, production and sale are somehow in imminent threat if they aren't able to produce and sell a product they haven't even bothered to identify and offer up for protection.

b.  In MPT's preliminary infringement contentions, MPT failed to identify an accused product. *See* Dkt. Nos. 50-2, 55-1, 79.

MPT'S RESPONSE:    This evidence is irrelevant. MPT has dismissed

voluntarily its earlier filed compulsory infringement claims without prejudice.

This evidence is irrelevant. It is Plasma-Therm that must show it's business activity, production and sale are somehow in imminent threat if they aren't able to produce and sell a product they haven't even bothered to identify and offer up for protection.

c.   In MPT's final infringement contentions, MPT failed to identify an accused product. A true and correct copy of MPT's Final Infringement Contentions are attached hereto as **Exhibit B**.

MPT'S RESPONSE:     This evidence is irrelevant.   MPT has dismissed voluntarily its earlier filed compulsory infringement claims without prejudice.

This evidence is irrelevant. It is Plasma-Therm that must show it's business activity, production and sale are somehow in imminent threat if they aren't able to produce and sell a product they haven't even bothered to identify and offer up for protection.

d. In MPT's Amended Responses to Plasma-Therm's Second Set of Requests for Admissions, MPT admitted that, at the time it served its initial preliminary infringement contentions on June 17, 2016 and its subsequent amended preliminary infringement contentions on October 3, 2016: (1) it had not personally seen a prototype, or any other physical manifestation of a product, produced, manufactured, or developed by Plasma-Therm employing a method of dividing a semiconductor wafer or separating semiconductor devices protected by the claims at issue of the patents-in-suit; and (2) it had not personally witnessed, or otherwise observed, Plasma-Therm employ a method of dividing a

8.

semiconductor wafer or separating semiconductor devices protected by the claims at issue of the patents-in-suit. A true and correct copy of MPT's Amended Responses to Plasma-Therm's Second Set of Requests for Admissions is attached hereto as **Exhibit C.**

MPT'S RESPONSE:          This evidence is irrelevant. MPT has dismissed voluntarily its earlier filed compulsory infringement claims without prejudice. This evidence is irrelevant. It is Plasma-Therm that must show it's business activity, production and sale are somehow in imminent threat if they aren't able to produce and sell a product they haven't even bothered to identify and offer up for protection.

   e.   MPT stated the following in a recent Court filing: "In point of fact, in earlier discovery responses MPT indicated it was not then able to identify a Plasma-Therm product that embodied MPT's proprietary information . . . ." Dkt. No. 137 at 10.

MPT'S RESPONSE:          This evidence is irrelevant. PLASMA-THERM keeps trying to make MPT have this burden when it is Plasma Therm that must now show what is the accused product and what is the connection to imminent harm if the Declaratory Judgment is not issued. It keeps citing evidence irrelevant to the determination required for it to be entitled to relief. It's too late for this motion as none has been provided by it. MPT has dismissed voluntarily its earlier filed compulsory infringement claims without prejudice. This evidence is irrelevant. It is Plasma-Therm that must show its business activity, production and sale are somehow in imminent threat if they aren't able to produce and sell a product they

haven't even bothered to identify and offer up for protection.

3.    MPT concedes that based upon this Court's claim construction ruling, Plasma-Therm does not infringe the patents-in-suit.

MPT RESPONSE:

The proffered Consent Decree was not entered by the Court before it was withdrawn in favor of an order clarifying the effect was not "res judicata". There was no underlying settlement that led to the offer for a Consent Decree. MPT was free to withdraw it at any time. This was only a recognition that the Court's Markham Rulings were much narrower than MPT was advocating, yet neither party has ever identified an "accused product" about which the fight could be joined. The Court should ignore this proffered undisputed fact as irrelevant.

a.    MPT stated in a recent motion that the Court's claim construction ruling has "render[ed] Plasma Therm's conduct, subject of MPT's Counterclaims, 'Non-Infringing' as construed." Dkt. No. 135 at 3.

MPT RESPONSE:

This was only a recognition that the Court's Markham Rulings were much narrower than MPT was advocating, yet neither party has ever identified an "accused product" about which the fight could be joined. The Court should ignore this proffered undisputed fact as irrelevant.

b.    MPT requested the Court to enter a consent decree for a declaration of non-infringement by Plasma-Therm. Dkt. No. 135.

MPT RESPONSE:

The proffered Consent Decree was not entered by the Court before it was withdrawn in favor of an order clarifying the effect was not "res judicata". There

was no underlying settlement that led to the offer for a Consent Decree. MPT was free to withdraw it at any time. This was only a recognition that the Court's Markham Rulings were much narrower than MPT was advocating, yet neither party has ever identified an "accused product" about which the fight could be joined. The Court should ignore this proffered undisputed fact as irrelevant.

c.   "[MPT] admits only that it does not necessarily infringe as the claims in the patents were construed and that, as a result of that construction, dropped its infringement claims without prejudice." Dkt. No. 129 at 14.

MPT RESPONSE:

The proffered Consent Decree was not entered by the Court before it was withdrawn in favor of an order clarifying the effect was not "res judicata". There was no underlying settlement that led to the offer for a Consent Decree. MPT was free to withdraw it at any time. This was only a recognition that the Court's Markham Rulings were much narrower than MPT was advocating, yet neither party has ever identified an "accused product" about which the fight could be joined. The Court should ignore this proffered undisputed fact as irrelevant.

d.       Counsel for MPT stated in a declaration filed with this Court: "[T]he Court in this case handed down its Claims Construction ruling making MPT's Infringement and Trade Secret claims most unlikely to prevail at trial, so MPT voluntarily dismissed those against ON and Plasma-Therm as to those infringement related claims." Dkt. No. 128-1 ¶ 11

MPT RESPONSE:

The proffered Consent Decree was not entered by the Court before it was withdrawn in favor of an order clarifying the effect was not "res judicata". There

was no underlying settlement that led to the offer for a Consent Decree. MPT was free to withdraw it at any time. This was only a recognition that the Court's Markham Rulings were much narrower than MPT was advocating, yet neither party has ever identified an "accused product" about which the fight could be joined. The Court should ignore this proffered undisputed fact as irrelevant..

4.      MPT did not serve any interrogatories on Plasma-Therm throughout discovery.

MPT RESPONSE:

The Case was not at issue most of the time its been pending and still is not as to ON from whom it could not get a confidentiality agreement. MPT will want more discovery under Rule 56d if the Court will entertain a motion it will be filing to reopen discovery as to counterclaim issues, but MPT did receive significant document productions from Plasma-Therm in excess of 8,000 pages.

5.      MPT did not serve any requests for admissions on Plasma-Therm throughout discovery.

MPT RESPONSE:

The Case was not at issue most of the time its been pending and still is not as to ON from whom it could not get a confidentiality agreement. MPT will want more discovery under Rule 56d if the Court will entertain a motion it will be filing to reopen discovery as to counterclaim issues, but MPT did receive significant document productions from Plasma-Therm in excess of 8,000 pages.

6.      MPT did not disclose any expert reports in support of infringement against Plasma-Therm.

MPT RESPONSE:

This is irrelevant as MPT had already voluntarily dismissed its infringement claims without prejudice. The Case was not at issue most of the time its been pending and still is not as to ON from whom it could not get a confidentiality agreement. MPT will want more discovery under Rule 56d if the Court will entertain a motion it will be filing to reopen discovery as to counterclaim issues, but MPT did receive significant document productions from Plasma-Therm in excess of 8,000 pages.

7.  Per this Court's order, discovery closes on August 4, 2017. Dkt. No. 138.

MPT RESPONSE:

The Case was not at issue most of the time its been pending and still is not as to ON from whom it could not get a confidentiality agreement. MPT will want more discovery under Rule 56d if the Court will entertain a motion it will be filing to reopen discovery as to counterclaim issues, but MPT did receive significant document productions from Plasma-Therm in excess of 8,000 pages

8.  MPT and Plasma-Therm entered into a Confidential Disclosure Agreement (the "Contract"). The Contract was attached to MPT's pleadings as an exhibit in support of its counterclaims. *See* Exhibit D1 of Dkt. No 85.[1] A true and correct copy of MPT's Exhibit D1 is attached hereto to this Motion for the Court's convenience as **Exhibit D**. The parties do not dispute the existence of the Contract, nor have the terms of the Contact been placed in dispute in this action.

MPT RESPONSE:

UNDISPUTED that the parties do not dispute the contract exists, but

DISPUTED that the contract has not been placed into dispute as Plasma-Therm has done so as to the interpretation of its language.

9. The Contract includes the following provision regarding current and future product development:

Disclosing Party understands that Receiving Party may currently or in the future be developing products internally, or receiving information from other parties that may be similar to Disclosing Party's Proprietary Information. Accordingly, nothing in this Agreement will be construed as a representation or inference that Receiving Party will not develop products, or have products developed for it, that, without violation of this Agreement, compete with the products or systems contemplated by Disclosing Party's Proprietary Information

MPT RESPONSE:

This provision is irrelevant for purpose offered by Plasma-Therm. This provision does not provide Plasma Therm free rein to lie to MPT later that, in fact, it is not interested in and will not develop a competing product nor does this provision state it will or not..

Exhibit D ¶ 6.

10.     The Contract includes the following merger clause provision:

This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes any and all prior agreements and communications regarding same, whether written or oral.

Exhibit D ¶ 11.

MPT RESPONSE:

This is Irrelevant; it does NOT cover SUBSEQUENT communications which were those at issue here.

15.

**<u>STANDARD</u>**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, the Court evaluates the evidence in the record "including depositions, documents . . . affidavits or declarations, stipulations . . . admissions, interrogatory answers or other materials." Fed. R. Civ. P. 56(c)(1)(A).

One of the primary purposes of the summary judgment rule is to "isolate and dispose of factually unsupported claims." *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 702 F.3d 1312, 1317 (11th Cir. 2012) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). Accordingly, a genuine issue of material fact does not exist "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There must be more than "[t]he mere existence of a scintilla of evidence in support of [the nonmoving party's] position." *Simmons v. Bd. of Regents of Univ. Sys. of Georgia*, 523 F. App'x 712, 713 (11th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)).

Federal Rule of Civil Procedure 56, therefore, "mandates the entry of summary judgment, after adequate time for discovery . . . , against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

Plasma-Therm's request should be denied on its Complaint counts for Declaratory Judgment as it has no standing.

<u>The Court Should Deny PLASMA-THERM'S Motion On the CounterClaims of MPT</u>

First, based upon the Standard under Rule 56, Plasma-Therm has not come close to knocking out a

16.

single element of any of MPT's Counter-Claims.

Next, evidence put in the record by way of Mr. P.C. Lindsey's Declaration overcomes all of Plasma-Therm's evidence to show there are remaining genuine issues of disputed material facts as to both the fraud and breach of contract claims. The Jim Pollack email to Mr. Lindsey alone should be sufficient disclaiming any interest in building a competing BMP product while working secretly with ON-Semi and Mr. Grivna on their joint development project to build that very thing and effectively put a huge crater in MPT's prospects for the business it was developing with both companies and putting the technology it was crossed-licensed for by ON-Semi at huge risk.

## CONCLUSION

For the foregoing reasons, MPT respectfully requests that this Court deny Plasma Therm's Motions for Summary judgment in their entirety.

Respectfully Submitted,

/s/Anthony A. Ferrigno

Anthony A. Ferrigno, Esq.

California Bar No. 61104
3443 Golden Gate Way, Suite "F"
Lafayette, CA 94549
(423)744-4041
A-trust-fraudlaw@msn.com
Attorneys for Defendant/Counter-plaintiff
Micro Processing Technology, Inc.

---

[1] MPT's First Amended Counterclaim refers to Exhibit D as a true and correct copy of the Contract between it and Plasma-Therm, but failed to attach it. *See* Dkt. No. 119 ¶ 21. Thus, Plasma-Therm refers and directs this Court's attention to MPT's initial counterclaim where exhibits were attached.

## <u>CERTIFICATE OF SERVICE</u>

      I HEREBY CERTIFY that on August 18, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.


                                                _____
                                               */s/ Anthony A. Ferigno*

Anthony A. Ferrigno, Esq.
California Bar No. 61104
3443 Golden Gate Way, Suite "F"
Lafayette, CA 94549
(423)744-4041
A-trust-fraudlaw@msn.com
Attorneys for Defendant/Counter-plaintiff
Micro Processing Technology, Inc.