# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| PLASMA-THERM LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 8:15-cv-2785-T-36TBM |
| | ) |
| MICRO PROCESSING TECHNOLOGY, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**FERRIGNO RENEWED MOTION TO VACATE SANCTIONS ORDER AS TO FERRIGNO AND MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 60(b), Anthony A. Ferrigno and Law Offices of Anthony A. Ferrigno (collectively "Ferrigno") respectfully request that the Court reconsider and vacate, in whole or in part, the October 23, 2018 Order ("October 23, 2018 Order") (Doc. 190) imposing, Rule 11 sanctions against Ferrigno[1] based on counts I through III for patent infringement (the "infringement counts") in Defendant, Micro Processing Technology, Inc.'s ("MPT") counterclaim, which was presented while Ferrigno was acting as lead counsel for MPT. A timely unopposed motion to vacate the Court's Rule 11 sanctions order against MPT and its counsel, including Ferrigno, was made on November 9, 2018 (Doc. 190) which the

---

[1] Plasma-Therm has received the full amount of fees and costs it requested related to these sanctions, as discussed below, and in bringing this motion, Ferrigno expressly does not challenge Plasma-Therm's right to keep those monies.

Court denied without prejudice on November 19, 2018 (Doc. 191). On November 20, 2018 (Doc. 193) and November 23, 2018 (Doc. 194), Donald Crawford, Robert Zebro and Cope, Zebro and Crawford (collectively Crawford and Zebro) and LAUBSCHER & LAUBSCHER P.C. and Lawrence Laubscher, Jr. ("Laubscher") attorneys filed separate Motions to Reconsider the Court's October 23, Order imposing on them Rule 11 sanctions. On December 5, 2018 the Court provided a Notice of telephonic hearing date for December 20, 2018 at 1:30 p.m.

Ferrigno now brings the instant Renewed Motion to Vacate the Court's Order (essentially originally a Motion for Reconsideration) imposing sanctions as it applies to Ferrigno only not only in the interests of justice but as a matter of equity within the Court's discretion under the unusual circumstances of this case. The original Motion to Vacate on behalf of all Defendant MPT's counsel and MPT was filed as unopposed on Plasma Therm's counsel's insistence it be based solely upon the bare fact Plasma Therm had been paid in full its claimed related attorneys' fees sanctions. Since that was the case and the Court's basis of denial of the *Unopposed* Motion to Vacate the sanctions' order was that it was not accompanied by a memorandum of law and the factual showing related thereto, Ferrigno cannot any longer represent the renewed motion is "Unopposed".

## RELEVANT BACKGROUND

After this case was filed, lead and trial counsel Ferrigno on behalf of MPT recruited Laubscher to serve as associate counsel in the case to provide patent counsel and expertise, of which Ferrigno had virtually none, as to all patent issues. Ferrigno's expertise was related to litigation. Laubscher, at Ferrigno's request and on behalf of MPT, then recruited as local counsel Crawford and Zebro) whom were then retained by MPT. While Crawford Zebrow were retained by MPT to serve as local counsel, they took on most of the briefing done in the

2

case as counsel most efficiently positioned and experienced to do so, which they did until their notice of intention to make formal withdrawal as MPT counsel. On patent issues AND, including MPT's response to the Rule 11 Sanctions' Motion by Plasma Therm LLC ("Plasma Therm") and on the decision to file the patent infringement related claims in the Counterclaim and not to dismiss the Counter-Claim's patent infringement related claims, Ferrigno and MPT relied entirely upon Attorney Laubscher's advice that MPT and its counsel were acting properly to the effect, that 1) the Counterclaim's as to infringement was compulsory in this case, were appropriate based upon his assessment, and had to have been filed with the Answer or be barred which MPT had done; 2) that MPT hadn't yet received the Court's "Markham" (patent claims' construction) rulings; and because 3) the extensive (10,000 pages or more and represented to be complete) document production by Plasma Therm covering all its efforts to develop a Back Metal Processing solution for plasma-diced wafers had revealed on Ferrigno's review that no "accused product" had yet been developed by Plasma Therm (and thus not available for claim by claim comparative analysis).

At Ferrigno's direction, shortly after the Court issued its Claims' Construction ruling (Doc.101) on February 28, 2017 adverse to MPT, MPT voluntarily dismissed its patent infringement related claims in its Counterclaim which MPT, Ferrigno, Laubscher and its other counsel believed was consistent with a good-faith handling of the Counter-claim and related Rule 11 issue. While Ferrigno reviewed the Rule 11 motion and reviewed and signed MPT's opposition papers thereto, Ferrigno did not do the legal research nor prepare the opposition which opposition was prepared as a joint effort by the Zebro Crawford and Laubscher firms. Ferrigno relied upon the advice of its patent lawyer member of MPT's legal team, Laubscher, as to the merits of MPT and counsels' position in acting as set forth above.

MPT's Counterclaim (Doc. 85), which asserted the infringement counts against Plaintiff, Plasma-Therm, was filed on January 18, 2017. In response, on February 27, 2017, Plasma-Therm filed its Rule 11 Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 against Defendant/Counter-Plaintiff MPT (Doc. 100) ("Motion for Sanctions") based on the filing of the infringement counts. MPT voluntarily dismissed the infringement counts without prejudice on March 24, 2017 (Doc. 109), 26 days after the Court issued its Claim's Construction Order (Doc.101) on February 28, 2017. The Court issued an Order on September 18, 2017 (Doc. 181) deferring the Rule 11 Motion pending resolution of the case. Thus, the parties and counsel were aware the Court preserved the Rule 11 motion's adjudication until the case was finally resolved.

On November 17, 2017, PT and MPT filed a Joint Motion for Entry of Stipulated Order and Consent Final Judgment (Doc. 185) with a proposed order in which all pending motions are moot but for the Rule 11 Motion. The Court issued a Stipulated Order and Consent Final Judgment on June 25, 2018 (Doc. 187) based on the proposed order which provided, consistent with the Court's Order (Doc. 181) that Plasma-Therm could proceed with its Rule 11 Motion.

Laubscher remained counsel of record for MPT at all relevant times herein. Eventually, Crawford and Zebro gave notice to MPT of their intent to remove themselves as MPT's counsel on or about March 21, 2017.

Subsequently, mediation was conducted on September 18 and 19, 2017. MPT's corporate representative and Ferrigno attended and participated in the mediation. Laubscher chose not to participate either in person or by telephone. Thus, as a consequence, the case between Plasma Therm and MPT was settled without the Rule 11 Motion as yet being resolved as set forth in the Mediation Report filed September 19, 2017 (Doc. 182).

In compliance with this Court's October 23, 2018 Order, Laubscher, Crawford and

Zebro, Ferrigno, MPT's current local counsel Thomas Stanton, and MPT's corporate representative, P.C. Lindsey, collectively met with Plasma-Therm's counsel either by telephone or in person on Monday November 1, 2018 to resolve the issue of Plasma-Therm's fees and costs awarded under the October 23, 2018 Order.

Ultimately, MPT, Ferrigno, Laubscher, and Crawford and Zebro paid Plasma-Therm the full amount of the fees and costs that it requested, which remedied the financial harm claimed caused to Plasma-Therm that the October 23, 2018 Order, in part, addressed.

Ferrigno now asks the Court in the Renewal of the Motion to Vacate, to effectively reconsider and vacate the October 23, 2018 Order as it would not be equitable to apply it to Ferrigno who signed the Counter-Claim but relied solely upon the MPT's patent counsel's advice in doing so and in not withdrawing it upon the Rule 11 Notice from Plasma Therm until shortly after the Court's Claims' Construction ruling and in the opposition to the Rule 11 Motion filed on MPT's and counsel's behalf; and, due to the exceptional circumstances in this case.

## MEMORANDUM OF LAW AND ARGUMENT

### I. The Court Has the Authority to Reconsider and Vacate the October 23, 2018 Order

"Under Rule 60(b), a judge may relieve a party from a final judgment, order, or proceeding for six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not previously have been discovered with reasonable diligence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment has been satisfied, released, discharged, reversed, or vacated or that would no longer be equitable to apply; or (6) any other reason that justifies relief." *Gonzalez v. Mortgage Electronic Registration Systems, Inc.*, 595 Fed. Appx. 858, 861 (11th Cir. 2014). Whether to grant relief under Rule 60(b) is "a matter for the district court's sound discretion." *Toole v.*

*Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000). "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

**II.      The Court should reconsider the October 23, 2018 Order and vacate it against Ferrigno because its prospective application would no longer be equitable**

Rule 60(b)(5) "allows a court to relieve a party from a judgment whose prospective application is no longer equitable." *Securities and Exchange Commission v. Johnson*, 683 Fed. Appx. 761, 763 (11th Cir. 2017). For the prospective application of a judgment to be "no longer equitable" requires a change in circumstance. *See Horne v. Flores*, 557 U.S. 433, 447 (2009) ("The party seeking relief bears the burden of establishing that changed circumstances warrant relief ....").

Here, circumstances have changed such that the prospective application of the October 23, 2018 Order against Ferrigno is no longer equitable. Since the Court entered the October 23, 2018 Order, Plasma-Therm received the full amount it requested for its fees and costs related to the infringement counts and its Rule 11 Motion, ameliorating the financial harm it claimed it suffered defending MPT's infringement counts.

Moreover, as previously set forth in this motion, while Ferrigno was acting as lead counsel (a) as to the patent claims, he was acting on advice of patent counsel when the Counterclaim was filed; and (b) was acting solely in reliance upon patent counsel's advice in not withdrawing the Counterclaim's patent infringement claims against Plasma Therm upon receipt of Plasma Therm's Rule 11 Notice of Motion pending receipt of the Court's Claims' Construction ruling.

Given these circumstances, including the fact that Plasma-Therm has been made whole, it would not be equitable for the October 23, 2018 Order to remain in place against Ferrigno.

**III.     The Court should reconsider the October 23, 2018 Order and vacate it against Ferrigno because exceptional circumstances warrant relief**

"Relief under Rule 60(b)(6) is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Daniels v. Sodexo, Inc.*, 513 Fed. Appx. 868, 869 (11th Cir. 2013). A motion for reconsideration made pursuant to Rule 60(b)(6) "must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Johnson v. Ocwen Loan Servicing*, 2010 WL 892851, *6 (11th Cir. 2010).

There are circumstances sufficiently extraordinary for relief to be granted under Rule 60(b)(6). Specifically, and as previously stated, Ferrigno (a) was acting as counsel when the Counterclaim was filed but in reliance upon patent counsel's advice, (b) was acting in reliance upon patent counsel's advice in not dismissing the patent claims in the counter claim when MPT received the Notice of Rule 11 Motion by Plasma Therm (c) caused the subject patent infringement claims in it dismissed shortly after the adverse ruling on the Claims' Construction (d) and relied upon patent counsel's advice in a good faith filing of opposition to the Rule 11 motion. Because of these extraordinary circumstances, Ferrigno asks that the October 23, 2018 Order be reconsidered and vacated as to Ferrigno.

WHEREFORE, Ferrigno respectfully requests that this Honorable Court grant Ferrigno's Renewed Motion to Vacate its October 23, 2018 Order imposing sanctions as to Ferrigno.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 7, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Anthony A. Ferrigno
Law Offices of Anthony A. Ferrigno
3445 Golden Gate Way,
Lafayette, CA 94549
Telephone: (423) 744-4041
Email: A-trust-fraudlaw@msn.com