# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

PLASMA-THERM LLC, )
)
      Plaintiff, )
)
    v. ) Case No.: 8:15-cv-2785-T-36TBM
)
MICRO PROCESSING TECHNOLOGY, )
INC., )
)
      Defendant. )
)

## UNOPPOSED MOTION TO RECONSIDER AND
## VACATE ORDER AND MEMORANDUM OF LAW

Micro Processing Technology, Inc. ( "MPT"), pursuant to Federal Rule of Civil Procedure 60(b), respectfully request that the Court reconsider and vacate, in whole or in part, the October 23, 2018 Order ("October 23, 2018 Order") (Doc. 190) imposing, Rule 11 sanctions against them[1] based on counts I through III for patent infringement (the "infringement counts") in Defendant, Micro Processing Technology, Inc.'s ("MPT") counterclaim. In support hereof, MPT state the following:

### RELEVANT BACKGROUND

When Plasma-Therm filed this action in this court, MPT hired counsel to help them through this action. MPT relied on the expertise of their counsel throughout the case. MPT is not an experienced litigant and thus relied fully on their counsel to guide the various actions

---

[1] Plasma-Therm has received the full amount of fees and costs it requested related to these sanctions, as discussed below, and in bringing this motion, MPT expressly do not challenge Plasma-Therm's right to keep those monies.

that were taken in this case. During this time, MPT's Counterclaim (Doc. 85), which asserted the infringement counts against Plaintiff, Plasma-Therm LLC ("Plasma-Therm"), was filed on January 18, 2017 at the strong suggestion of counsel. In response, on February 27, 2017, Plasma-Therm filed its Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 Against Defendant/Counter-Plaintiff Micro Processing Technology, Inc. (Doc. 100) ("Motion for Sanctions") based on the filing of the infringement counts. Ultimately, MPT voluntarily dismissed without prejudice, among others, the infringement counts on March 24, 2017 (Doc. 109), again at the strong advice from counsel.

In compliance with this Court's October 23, 2018 Order, MPT immediately contacted Plasma-Therm's counsel following his October 25, 2018 email. As soon as possible thereafter, on Monday, November 1, 2018, MPT's current local counsel, Thomas H. Stanton, Esq., met and Crawford and Zebro met with Plasma-Therm's counsel and Anthony A. Ferrigno, Esq. of the Law Offices of Anthony A. Ferrigno (collectively, "Ferrigno"), and Lawrence E. Laubscher, Jr., Esq. of Laubscher & Laubscher, P.C. (collectively, "Laubscher") to resolve the issue of Plasma-Therm's fees and costs awarded under the October 23, 2018 Order.

Ultimately, MPT, Ferrigno, Laubscher, and Crawford and Zebro paid Plasma-Therm the full amount of the fees and costs that it requested, which remedied the financial harm caused to Plasma-Therm that the October 23, 2018 Order, in part, addressed.

MPT now asks the Court to reconsider and vacate the October 23, 2018 Order as it would no longer be equitable to apply it to them.

## MEMORANDUM OF LAW AND ARGUMENT

I. **The Court Has the Authority to Reconsider and Vacate the October 23, 2018 Order**

"Under Rule 60(b), a judge may relieve a party from a final judgment, order, or proceeding for six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not previously have been discovered with reasonable diligence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment has been satisfied, released, discharged, reversed, or vacated or that would no longer be equitable to apply; or (6) any other reason that justifies relief." *Gonzalez v. Mortgage Electronic Registration Systems, Inc.*, 595 Fed. Appx. 858, 861 (11th Cir. 2014). Whether to grant relief under Rule 60(b) is "a matter for the district court's sound discretion." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000). "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

**II.  The Court should reconsider the October 23, 2018 Order and vacate it against MPT because its prospective application would no longer be equitable**

Rule 60(b)(5) "allows a court to relieve a party from a judgment whose prospective application is no longer equitable." *Securities and Exchange Commission v. Johnson*, 683 Fed. Appx. 761, 763 (11th Cir. 2017). For the prospective application of a judgment to be "no longer equitable" requires a change in circumstance. *See Horne v. Flores*, 557 U.S. 433, 447 (2009) ("The party seeking relief bears the burden of establishing that changed circumstances warrant relief ....").

Here, circumstances have changed such that the prospective application of the October 23, 2018 Order against MPT is no longer equitable. Since the Court entered the October 23,

3

2018 Order, Plasma-Therm received the full amount it requested for its fees and costs related to the infringement counts and its Motion for Sanctions; ameliorating the financial harm it suffered defending MPT's infringement counts.

Moreover, as previously set forth in this motion, MPT followed advice of counsel throughout this entire process. Given these circumstances, including the fact that Plasma-Therm has been made whole, it would not be equitable for the October 23, 2018 Order to remain against MPT.

WHEREFORE, MPT respectfully request that this Honorable Court grant their Unopposed Motion to Reconsider and Vacate Order and vacate the October 23, 2018 Order as it relates to them.

## RULE 3.01(g) CERTIFICATION

Pursuant to Rule 3.01(g), Local Rules of the District Court of the Middle District of Florida, Crawford and Zebro consulted with Plasma-Therm's counsel, Harvey Kauget, Esq. and Ryan Corbett, Esq., regarding the relief sought in this motion, with Mr. Kauget being permitted to review the contents of this Motion. Mr. Kauget stated that Plaintiff does not oppose the motion.

Dated: December 20, 2018                                   Respectfully Submitted,

/s/ Thomas H. Stanton
Thomas H. Stanton
Florida Bar No. 127444
Stanton IP Law Firm, P.A.
201 E Kennedy Blvd, Suite 825
Tampa, Florida 33602
Telephone: (813) 421-3883
Email: tstanton@stantoniplaw.com
*Attorney for Defendant MPT*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 20, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Thomas H. Stanton
Thomas H. Stanton
Florida Bar No. 127444
Stanton IP Law Firm, P.A.
201 E Kennedy Blvd, Suite 825
Tampa, Florida 33602
Telephone: (813) 421-3883
Email: tstanton@stantoniplaw.com
*Attorney for Defendant MPT*