UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PLASMA-THERM, LLC,

    Plaintiff,

v.                                        Case No: 8:15-cv-2785-T-36TBM

MICRO PROCESSING TECHNOLOGY, INC.,

    Defendant.
_____/

# **ORDER**

This matter comes before the Court upon Donald H. Crawford II, Robert D. Zebro, and Cope, Zebro & Crawford, P.L.'s Motion to Reconsider and Vacate Order (Doc. 193), Lawrence E. Laubscher, Jr. and Laubscher & Laubscher, P.C.'s Motion to Reconsider and Vacate Order (Doc. 194), Anthony A. Ferrigno and Law Offices of Anthony A. Ferrigno's Renewed Motion to Vacate Sanctions (Doc. 196), and Micro Processing Technology, Inc.'s Motion to Reconsider and Vacate Order (Doc. 199). The motions are unopposed. The Court, having considered oral arguments, the parties' submissions, and being fully advised in the premises, will grant the motions.

    **I.**    **Background**

Plaintiff Plasma-Therm, LLC ("Plasma-Therm") commenced this declaratory judgment action against Defendant Micro Processing Technology, Inc. ("MPT"), seeking a declaration of non-infringement with respect to certain patents. Doc. 1 at ¶ 1. MPT filed counterclaims against Plasma-Therm, alleging patent infringement, misappropriation of trade secrets, breach of contract, and fraud. Doc. 85 at ¶¶ 28-70. Plasma-Therm filed a Motion for Sanctions against MPT pursuant to Federal Rule of Civil Procedure 11, arguing that MPT's infringement counterclaims were

frivolous and without foundation in law or fact. Doc. 100. About a month later, MPT dismissed its infringement counterclaims. Doc. 109. The parties later settled the case in full, with the exception of Plasma-Therm's Motion for Sanctions. Doc. 189.

Upon careful review of Plasma-Therm's Motion for Sanctions, MPT's response thereto, and Plasma-Therm's reply, the Court imposed sanctions (the "Sanctions Order") against MPT and its attorneys and their law firms, Anthony A. Ferrigno, Esq. and the Law Offices of Anthony A. Ferrigno ("Ferrigno"), Lawrence E. Laubscher, Jr., Esq. and Laubscher Spendlove & Laubscher, P.C. ("Laubscher"), Donald H. Crawford II, Esq., Robert D. Zebro, Esq., and Cope, Zebro & Crawford, P.L. ("Crawford and Zebro") (collectively, the "sanctioned parties"), awarding Plasma-Therm reasonable attorneys' fees and costs for defense of the infringing counterclaims, to be paid jointly and severally. Doc. 190.

Shortly thereafter, on November 10, 2018, the sanctioned parties filed an unopposed Motion to Vacate (Doc. 191). The Motion to Vacate stated that the sanctioned parties had paid Plasma-Therm the full amount of fees and costs it requested, thereby remedying the financial harm caused to Plasma-Therm. The Court denied the Motion to Vacate without prejudice because it failed to include a memorandum of law as required by Local Rule 3.01(b). Doc. 192.

Between November 20, 2018 and December 20, 2018, the sanctioned parties filed the four motions now before the Court. Doc. 193; Doc. 194; Doc. 196; Doc. 199. Among other things, the motions argue that the Court should vacate the Sanctions Order under Federal Rule of Civil Procedure 60(b) because it would no longer be equitable to apply the Sanctions Order given the sanctioned parties' full payment of Plasma-Therm's costs and fees.

## II. Legal Standard

Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) empowers the district courts "to vacate judgments whenever such action is appropriate to accomplish justice." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). A trial court is vested with substantial discretion in granting relief under Rule 60(b). *See id.*

Rule 60(b) "seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Jan. 26, 1981).[1] With this goal in mind, "it is often said that the rule should be liberally construed in order to do substantial justice." *Id.*

### III. Discussion

The sanctioned parties have compensated Plasma-Therm for its fees and costs pursuant to the Sanctions Order. The sanctioned parties expressly do not challenge Plasma-Therm's entitlement to keep those fees and costs. Doc. 193, n. 1; Doc. 194, n. 2; Doc. 196, n. 1; Doc. 199, n. 1. And, because it has been compensated, Plasma-Therm does not oppose the relief sought in the sanctioned parties' motions. Given the circumstances, it would no longer be equitable to apply

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*); the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3

the Sanctions Order. Therefore, the Court will vacate the Sanctions Order pursuant to Rule 60(b)(5).

Accordingly, it is hereby **ORDERED** as follows:

1. Donald H. Crawford II, Robert D. Zebro, and Cope, Zebro & Crawford, P.L.'s Motion to Reconsider and Vacate Order (Doc. 193) is **GRANTED.**

2. Lawrence E. Laubscher, Jr. and Laubscher & Laubscher, P.C.'s Motion to Reconsider and Vacate Order (Doc. 194) is **GRANTED.**

3. Anthony A. Ferrigno and Law Offices of Anthony A. Ferrigno's Renewed Motion to Vacate Sanctions (Doc. 196) is **GRANTED.**

4. Micro Processing Technology, Inc.'s Motion to Reconsider and Vacate Order (Doc. 199) is **GRANTED.**

5. The Court's October 23, 2018 Sanctions Order (Doc. 190) is **VACATED** pursuant to Rule 60(b)(5) as the parties have compensated Plaintiff for its fees and costs pursuant to the Sanctions Order such that it would no longer be equitable to apply the Order.

**DONE AND ORDERED** in Tampa, Florida on January 4, 2019.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

4